**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Jiangsu Huari Webbing | ) | |
| Leather Co., Ltd. | ) | |
| | ) | |
| Plaintiff | ) | Case No. 23-cv-2605 |
| | ) | |
| v. | ) | |
| | ) | |
| Joes Identified in | ) | |
| Schedule "A" | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S *EX PARTE*
MOTION FOR ALTERNATIVE SERVICE OF PROCESS BY ELECTRONIC MEANS**

Plaintiff Jiangsu Huari Webbing Leather Co., Ltd. ("Plaintiff" or "JHWL") by and
through the undersigned counsel, hereby moves ex parte pursuant to Rule 4 of the Federal Rules
of Civil Procedure for this Honorable Court to grant leave authorizing alternative service of
process on the Defendants, Joes identified on Schedule "A" ("Defendants" hereinafter) of
Plaintiff's Complaint and Summons.

Specifically, Plaintiff seeks this Court's authorization to effectuate service of process by
e-mail and/or electronic publication in an action arising under the Patent Act, 35 U.S.C. § 101, et
seq. In support of this request, Plaintiff states as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed the present action under the Patent Act, 35 U.S.C. § 271 (a) to combat the
willful and intentional patent infringement by Defendants of United States Patent No. 11,478,673
("the '673 patent"). Plaintiff is the assignee of the '673 patent, which Plaintiff utilizes for the
selling, marketing and promotion of retail goods.

Plaintiff brought the present action to combat the Defendants' knowing and intentional promotion, advertisement, display, distribution, offering for sale and use of products claimed by the '673 patent on the Defendants' stores operating on ecommerce platforms such as AliExpress, Amazon, eBay, and Walmart under their respective Seller IDs, all listed in Schedule A to the Complaint.

Plaintiff filed its *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("Motion for TRO") which is pending before this Court. Plaintiff has yet to provide Defendants with notice of the instant action. Plaintiff submits this motion so that, if the court is inclined to grant the Motion for TRO, Plaintiff can effectuate service of process under Fed. R. Civ. P. 4 for all pleadings and Orders in this case as well as the referenced Motion for TRO.

Should this Court grant Plaintiff's Application for TRO and the instant motion, the Plaintiff will effectuate service of process under Fed. R. Civ. P. 4 for all pleadings and Orders in this case.

Alternate service is appropriate and necessary in this case because the Defendants, on information and belief: (1) have provided incomplete and/or false names and physical address information in their registrations for the Defendant Internet Stores in order to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third party service providers and customers, demonstrating the reliability of this method of communication by which Defendants may be apprised of the pendency of this action. See Declaration of Jiyuan Zhang, filed with the Complaint, ¶ 2. ("Zhang Decl.").

Plaintiff moves to provide alternate service by email and website posting on a designated website as appropriate and necessary in this case because Defendants operate their ecommerce platforms over the Internet and rely on electronic communications to operate their businesses.

Therefore, Plaintiff has the ability to contact Defendants directly and provide notice of Plaintiff's claims against them electronically via email.

Plaintiff respectfully submits that an order allowing service of process and service of all filings via e-mail and posting on a designated website will benefit all parties and the Court by ensuring that Defendants receive immediate notice of this action and allow this action to proceed expeditiously.

Without leave for alternate service by electronic service as stated above, Plaintiff will almost certainly be unable to serve one or all the Defendants and prevent the Plaintiff from pursuing a final judgment, or lead to prolonged, protracted, and unnecessary litigation.

## <u>MEMORANDUM OF LAW</u>

Plaintiff moves under Fed. R. Civ. P. 4(f)(3) to respectfully request leave of this Court to authorize service of process on Defendants via electronic mail ("email") and via website posting. Fed. R. Civ. P. 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." District courts have great discretion to elect when electronic service and website posting may be used to effectuate service. *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) (internal citations omitted) ("[t]he decision whether to allow alternate methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'"); see also *Hinsey v. Better Built Dry Kilns, Inc.*, 2009 WL 1766883, *2, (N.D. Ind. June 22, 2009) ("Rule 4(f)(3) provides the Court with flexibility and discretion empowering courts to fit the

manner of service utilized to the facts and circumstances of the particular case.") (internal quotation marks and citation omitted); see, e.g., *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) (authorizing alternative service in China because significant delay was likely if service was sought through the Chinese Ministry of Justice).

However, evidence strongly suggests that many of the Defendants reside in and operate from mainland China, and/or other foreign jurisdictions. Specifically, addresses provided on the e-commerce stores indicate that the registrants are in China and other neighboring countries, and often Chinese characters appear in the individual owner names and addresses. Zhang Decl. ¶ 3.

Plaintiffs may serve international defendants pursuant to Fed. R. Civ. P. 4 (f)(3), which enables a court to grant an alternative method of service so long as it: "(1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *SEC v. Anticevic*, No. 05 CV 6991 (KMW), 2009 U.S. Dist. LEXIS 11480, at *7 (S.D.N.Y. Feb. 8, 2009). Notably, "[s]ervice under subsection [4(f)] (3) is neither a last resort nor extraordinary relief.  It is merely one means among several which enables service of process on an international defendant." *Sulzer Mixpac AG v. Medenstar Indus. Co*., 312 F.R.D. 329, 330 (S.D.N.Y. 2015).

Although the U.S. is a signatory to the Hague; where, as is the case with many Defendants here, such Defendants displayed no addresses whatsoever on their ecommerce platforms to shield their true identities and Plaintiffs had no way of ascertaining their addresses, the Hague does not apply. See *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14 Civ. 1112 (VSB), 2018 WL 4757939, at *7 (S.D.N.Y. Sep. 30, 2018).

"Courts in this Circuit have found that an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was

unsuccessful in doing so." *Advanced Access Content*, 2018 WL 4757939, at *7; see also, e.g.,

*Philip Morris USA Inc. v. Veles Ltd.*, No 06 CV 2988 (GBD), 2007 WL 725412, at *3 (S.D.N.Y.

Mar. 12, 2007) (court granted plaintiff's request to serve defendants by email where an

investigation did not uncover valid physical addresses for service of process).

Even where the location and identity of the party to be served is known, Fed. R. Civ. P.

4(f)(3) permits the court to order service by any means not prohibited by international

agreement, as long as the method of service comports with constitutional notions of due process.

*Prewitt Enters., Inc. v. Org. of Petrol Exporting Countries*, 353 F.3d 916, 923 (11th

Cir. 2003). All that is required is that the proposed service is not prohibited by international

agreement and such service comports with Constitutional due process, meaning that it is

"reasonably calculated" to provide the defendants notice and an opportunity to defend. See *Rio

Props.*, 284 F.3d at 1016; see also *Chanel, Inc. v. Zhixian*, No. 10-cv-60585, 2010 WL 1740695,

at *2–3 (S.D. Fla. Apr. 29, 2010) (Cohn, J.).

The Hague Treaty on Service Abroad and its members do not prohibit the requested

relief.[1] Service of process by e-mail has been upheld in Article 1 of the Hague Convention,

which states that "[t]his Convention shall not apply where the address of the person to be served

with the document is not known." See *Levi Strauss & Co. v. Zhejiang Weidu Garment Co.*, Case

No. 16-cv-07824 at *2-3 (N.D. Ill. Nov. 17, 2016); *Strabala v. Qiao Zhang*, Case No. 15-cv-1228

at *FN.36 (N.D. Ill., November 18, 2016) (citation omitted); *In re: LDK Solar Secs. Litig.*, 2008

WL 2415186, *1 (N.D. Cal. June 12, 2008) (authorizing an alternative means of service on

Chinese defendants without first attempting "potentially fruitless" service through the Hague

Convention's Chinese Central Authority); *In re: Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 930

---

[1] See The Hague Convention treaty on service abroad and its signatory member list, also available at https://www.hcch.net/en/instruments/conventions/full-text/?cid=17) (last visited March 22, 2023)

(N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention.").

Service on Defendants via e-mail means comports with due process as it is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 309 (1950). The bar is clearly met where, as here, the Defendants engaged in online business and regularly communicated with customers through email. *Mattel, Inc. v. Animefunstore, et al.*, 18 Civ. 8824 (LAP) (Dkt. 81) (S.D.N.Y. May 1, 2020); see also, *Sulzer*, 312 F.R.D. at 332 (noting that service through email was appropriate where the "email address in question is listed prominently on [defendant's internet homepage…[,] [the defendant] presumably relies at least partially on contact through [its email] to conduct overseas business, and it is reasonable to expect [defendant] to learn of the suit against it through this email address.").

Moreover, service on Chinese defendants via the Hague would not be the means most reasonably calculated to timely apprise Defendant of the TRO and this lawsuit.[2] Because service via the Hague can take many months to complete, and the relief sought by Plaintiffs herein is urgent, Plaintiffs respectfully submit that alternative service is necessary and appropriate here. Otherwise, if Plaintiffs serve Defendants via the Hague, Defendants would not receive notice

---

[2] Frederick S. Longer, Service of Process in China, ABA Section of Litigation 2012 Section Annual Conference, ABA Chinese Drywall Panel, at 2 (April 18-20, 2012) (with reference to service of process in China: The papers to be served must first be presented to the Chinese Central Authority, which then is supposed to transmit the documents to local authorities for service upon the individual defendant. This takes time. Lots of it."); see also Jennifer Scullion, Adam T. Berkowitz, & Charles Sanders McNew, International Litigation: Serving Process Outside the US, Practical Law (2011) ( The Hague Conference advises that most Central Authorities can accomplish service within two months. However, as a practical matter, the process can take as many as six months to effect service and return proof of service to the requesting party.").

until months from now, at the earliest, at which time the TRO will have expired, and Defendants will have the opportunity to continue their infringing sales causing further irreparable harm to Plaintiff.

In the present case, such electronic service and website posting is necessary due to the circumstances of the Defendants' ecommerce activity and the uncertainty as to the true identity and country of operation. See, e.g., *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("When faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process."); *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co*., 2008 WL 5100414 at *2 (N.D. Ill. Dec. 1, 2008) (granting leave to serve a defendant located in China by e-mail and facsimile because the "Hague Convention does not prohibit service by e-mail of facsimile, such means may be authorized under Rule 4(f)(3)."); *Phillip Morris USA v. Veles Ltd.,* 2007 WL 725412 at *3 (S.D.N.Y. Mar. 12, 2007) (authorizing service of process by e-mail in trademark action where online stores did not post any physical address and defendant's "business appear[ed] to be conducted entirely through electronic communications").

Plaintiff respectfully submits that requesting this relief is necessary where the Defendants are often self-identified on their respective e-commerce stores with incomplete or missing information such as names, addresses and telephone numbers. Due to these deficiencies in the registrant addresses, Plaintiff is unable to determine the identity and physical location of the Defendants.

Even where the e-commerce stores display what appears to be a complete address submitted by Defendants upon registration, this information is inherently unreliable. Zhang Decl. ¶ 3. Indeed, the Third Party Platforms do not adequately subject new

sellers to verify and confirm their identities. "Internet commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, NW. J. INT'L L. & BUS. (2020) at 24.

As a result of this reality, courts in the Southern District of New York and elsewhere regularly permit service of process on overseas infringers of copyrights and other intellectual property to be completed via Rule 4(f)(3) under similar circumstances.

## PRAYER FOR RELIEF

For the reasons set forth herein, Plaintiff respectfully requests that the Court grant the following relief:

1)    That the Clerk of the Court be directed to issue a single original summons in the name of "Joes Identified in Schedule "A" that shall apply to all Defendants; and

2)    That Plaintiff be authorized to serve the Complaint, summons, and all filings and discovery in this matter upon each Defendant in this action via email delivery and/or by providing the address to Plaintiff's designated website to Defendants via the email accounts provided by that Defendant (a) as part of the data related to its ecommerce store, including customer service email addresses and onsite contact forms, or (b) via the ecommerce platform email for each of the ecommerce stores;

**WHEREFORE**, Jiangsu Huari Webbing Leather Co., Ltd. respectfully requests for this Court to grant its *Ex Parte* Motion for Alternative Service and enter an order authorizing

alternative electronic service in the form presented in Plaintiff's proposed order on this Motion

for a TRO and this Motion for Alternate Service.


Dated  March 27, 2023
Queens, New York

Respectfully submitted.

*/s/ Jiyuan Zhang*
_____
Jiyuan Zhang, Esq
J. Zhang and Associates, P.C,
136-20 38th Avenue, # 11G,
Flushing, NY 11354
607-948-3339
contact@jzhanglaws.com