**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Jiangsu Huari Webbing | ) | |
| Leather Co., Ltd. | ) | |
| | ) | |
| Plaintiff | ) | Case No. 23-cv-2605 |
| | ) | |
| v. | ) | |
| | ) | |
| Joes Identified in | ) | |
| Schedule "A" | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY INJUNCTION AGAINST INFRINGEMENT, EXPEDITED DISCOVERY, AND PRELIMINARY INJUNCTION**

Respectfully submitted.

J. Zhang and Associates, P.C,
By: Jiyuan Zhang, Esq
136-20 38th Avenue, # 11G,
Flushing, NY 11354
607-948-3339
contact@jzhanglaws.com

# Contents

I. INTRODUCTION ................................................................................................................ 7

II. ARGUMENT.................................................................................................................... 8

  A. THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANTS ................... 8

    1. Defendants are Subject to Personal Jurisdiction Under N.Y. C.P.L.R. ........................... 9

    § 302(a)(1) ................................................................................................................. 9

    2. Exercising Personal Jurisdiction Over Defendant Comports with Due    Process ........ 15

  B. PLAINTIFF IS ENTITLED TO AN EX PARTE TEMPORARY    RESTRAINING ORDER AND PRELIMINARY INJUNCTION .................................................................... 16

    1. Plaintiff is Likely to Prevail on Its Patent Infringement Claim...................................... 17

    2. Plaintiffs will be irreparably harmed without a preliminary injunction......................... 18

  C. PLAINTIFFS ARE ENTITLED TO AN ORDER 1) PREVENTING THE FRAUDULENT TRANSFER OF ASSETS AND 2) FREEZING    DEFENDANTS' AMAZON STOREFRONT .................................................................................................... 19

    1. Defendants' Assets Must be Frozen ............................................................................... 19

    2. Defendants' Amazon Storefronts Must Be Frozen.......................................................... 20

  D. PLAINTIFF IS ENTITLED TO AN ORDER AUTHORIZING EXPEDITED............ 21

    DISCOVERY .................................................................................................................... 21

  E. PLAINTIFF'S REQUEST FOR A SECURITY BOND IN THE AMOUNT    OF $500 IS ADEQUATE........................................................................................................................ 22

III. Conclusion .................................................................................................................... 22

**Cases**

*Allstar Marketing Group, LLC v. 24x7, et al.*, No. 18-cv-9043-JSR (S.D.N.Y. Oct. 3, 2018) ...... 9

*Amazon.com v. Barnesandnoble.com*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) ............................ 15

*AstraZeneca LP v. Apotex, Inc.,* 633 F.3d 1042, 1050 (Fed. Cir. 2010)...................................... 15

*Audiovox Corp v. S. China Enter., Inc.*, 2012 U.S. Dist. LEXIS 104656 at *3 (S.D.N.Y. Jul. 26, 2012) ................................................................................................................................. 11

*AW Licensing, LLC v. Bao*, No. 15-CV-1373, 2015 U.S. Dist. LEXIS 177101, at *3 (S.D.N.Y. Apr. 1, 2015)....................................................................................................................... 19

*Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005) ............................................ 19

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007) ......................................... 6, 13

*Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008) ...................................................... 11

*Builders Concrete, Inc. v. Bremerton Concrete Products*, 757 F.2d 255, 257 (Fed. Cir. 1985) .. 15

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (U.S. 1985).............................................. 13

*Calder v. Jones*, 465 U.S. 783, 788 (1984) (quoting *Milliken v. Meyer*, 311 U.S. 457 (1940) .... 13

*Cartier v. Seah LLC*, 598 F. Supp. 2d 422, 425 (S.D.N.Y. 2009) ........................................ 10, 12

*Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 169-71 (2d Cir. 2010) ........... 7, 8, 9, 10

*Citigroup Inc. v. City Holding Co*., 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000).............................. 8

*Cuiping Zhou v. Tchh-Dayup et. al*., No. 22-cv-06958-KPF (S.D.N.Y. August 16, 2022).......... 20

*Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996).............................................. 20

*Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 469 (S.D.N.Y. 2008).......... 13

*EnviroCare Techs., LLC v. Simanovsky*, No. 11-CV-3458(JS)(ETB), 2012 U.S. Dist. LEXIS 78088 *8 (E.D.N.Y. June 4, 2012) .................................................................................... 9, 11

*Grand v. Schwartz*, No. 15 Civ. 8779, 2016 U.S. Dist. LEXIS 61606 at *3 (S.D.N.Y. May 1, 2016) ................................................................................................................. 9

*Gucci Am., Inc. v. Weixing L*i, 135 F. Supp. 3d 87, 93 (S.D.N.Y. 2015) ....................................... 8

*Gucci Am., Inc. v. Weixing Li,* 768 F.3d 122, 126 (2d Cir. 2014) ................................................. 19

*Hsin Ten Enter. USA, Inc. v. Clark Enters*., 138 F. Supp. 2d 449, 456 (S.D.N.Y. 2000) ...... 10, 11

*Ideavillage Products Corp. v. 207058772, et al.*, No. 18-cv-6512-VM (S.D.N.Y. July 19, 2018) 9

*Ideavillage Products Corp. v. 29shyans2012, et al*., No. 18-cv-6266-AT (S.D.N.Y. July 11, 2018) ................................................................................................................. 10

*Ideavillage Products Corp. v. 666668, et al*., No. 18-cv-6850-CM (S.D.N.Y. July 31, 2018) ...... 9

Ideavillage Products Corp. v. Aarhus, et al.*, No. 18-cv-2739-JGK (S.D.N.Y. April 11, 2018) . 10

*Ideavillage Products Corp. v. abc789456, et al*., No. 18-cv-2962-NRB (S.D.N.Y. April 11, 2018) ................................................................................................................. 10

Ideavillage Products Corp. v. Dongguan Shipai Loofah Sponge Commodity Factory, et al.*, No. 18-cv-901-PGG (S.D.N.Y. Feb. 1, 2018) ................................................................................................................. 10

Intenze Products, Inc. v. 1586, et al., No. 18-cv-4611-RWS (S.D.N.Y. May 24, 2018).............. 10

*Int'l Shoe Co. v. Washington,* ....................................................................................................... 7

*JLM Couture, Inc. v. Aimibridal, et al.*, No. 18-cv-1565-JMF (S.D.N.Y. Feb. 21, 2018); *Spin Master Ltd. and Spin Master, Inc. v. Alisy, et al.*, No. 18-cv-543-PGG (S.D.N.Y. Jan. 22, 2018) ................................................................................................................. 10

*Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 168 (2d Cir. 2013)....................................... 6, 7

*Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC,* No. 15 Civ. 8459 (LGS), 2016 U.S. Dist. LEXIS 89149 *7 (S.D.N.Y. July 8, 2016) ....................................................................... 9

*Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992) ...................................................................................................................... 15

*Louis Vuitton Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 (2d Cir. 2005) ................................................................................................................................. 14

*Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) .............................. 15

*Mattel, Inc. v. 86755, et al.*, No. 18-cv-8825-RJS-JSR (S.D.N.Y. Oct. 4, 2018) ........................ 20

*McGraw-Hill Global Educ. Holdings LLC v. Khan*, 323 F. Supp. 3d 488 (S.D.N.Y. 2018) ....... 10

*Moose Toys Pty Ltd. et al., v. 963, et al.*, No. 18-cv-2187-VEC (S.D.N.Y. April 2, 2018) ......... 10

*North Face Apparel Corp. v. TC Fashions, Inc.*, 2006 U.S. Dist. LEXIS 14226, at *10 (S.D.N.Y. Mar. 30, 2006) ......................................................................................................................... 18

*Off-White v. 6014350 et al.*, No. 18-cv-5322-GBD (S.D.N.Y. June 13, 2018) ........................... 10

*Off-White, LLC v. A445995685, et al.*, No. 18-cv-2009-LGS (S.D.N.Y. March 27, 2018) ......... 10

*Signtech U.S.A. v. Vutek, Inc.*, 174 F.3d 1352 (Fed. Cir. 1999) ................................................... 15

*Slimfold Mfg. Co. v. Kinkead Indus., Inc.*, 810 F.2d 1113, 1116 (Fed. Cir. 1987) ...................... 15

*Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006).......... 7

*Spin Master Ltd. and Spin Master, Inc. v. 158, et al.*, No. 18-cv-1774-PAE (Feb. 27, 2018)...... 10

*Thomas Publ'g Co. v. Indus. Quick Search*, 237 F. Supp. 2d 489, 492 (S.D.N.Y. 2002).............. 9

*Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582, (Fed Cir. 1996) .............................. 15

*William Mark Corporation v. 1&cc, et al.*, No. 18-cv-3889-RA (S.D.N.Y. May 2, 2018).......... 10

*William Mark Corporation v. 1104520362, et al.*, No. 18-cv-6715-PAC (S.D.N.Y. July 26, 2018) ..................................................................................................................................................... 9

*WOW Virtual Reality, Inc. v. Bienbest, et al.*, No. 18-cv-3305-VEC (S.D.N.Y. April 16, 2018) 10

*WowWee Group Limited, et al. v. Meirly, et al.*, No. 18-cv-706-AJN (S.D.N.Y. Jan. 26, 2018). 10

**Statutes**

35 U.S.C. § 154(a)(1) ................................................................................................ 14

35 U.S.C. § 283 ......................................................................................................... 14

Fed. R. Civ. P. 26(d)(1) ............................................................................................. 19

Fed. R. Civ. P. 65(b) ................................................................................................. 14

**Regulations**

CPLR § 302(a) ............................................................................................. 9, 10, 12, 13

N.Y. C.P.L.R. § 302(a)(1) ................................................................................. 7, 8, 9

# I.     INTRODUCTION

Pursuant to and in accordance with the Federal Rules of Civil Procedure, Plaintiff submits this memorandum of law in support of its *ex parte* Application for a Temporary Restraining Order ("TRO") in light of Defendants' intentional and willful offering for sale and/or sale of their Hanging Exercise Products on their respective Amazon Storefront.

Amazon, Ebay, Walmart, Wayfair and Alibaba are online marketplace platforms that allow manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products directly to consumers across the world and specifically to consumers residing in the U.S., including New York.

Defendants are businesses, who, upon information and belief, are located throughout the world but conduct business in the U.S. and other countries by means of their respective Amazon, Ebay, Walmart, Wayfair and Alibaba storefronts. *See* Zhang Declaration. ("Zhang Decl.") Through their respective online Storefront, Defendants offer for sale and/or sell consumer products, including their Hanging Exercise Products, and market, distribute and ship such products to consumers throughout the world, including New York. *Id.*

Without Plaintiff's authorization or consent, Defendants were and/or currently are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling their Hanging Exercise Products to consumers located in the U.S., including New York, through their respective online Storefront. See, Complaint, ¶¶ 8-9; Zhang Decl., Exhibit D001 to D162. Defendant's aforementioned actions have caused and will continue to cause irreparable harm to Plaintiff, including the loss of market share.

Plaintiff's request for *ex parte* relief is particularly necessary because if Defendants receive notice of this Lawsuit, it is highly likely that they will transfer, conceal and/or destroy 1)

the Hanging Exercise Products, 2) the means of making or obtaining the Hanging Exercise Products, 3) business records and 4) any and all other evidence relating to their infringing activities. See, Zhang Decl., ¶ 2.

Moreover, they will likely hide or dispose of their assets. *Id*. In light of the foregoing, and considering that it typically takes noticed financial institutions and a minimum of five (5) days to locate, attach and freeze storefronts like the Amazon Storefront, Plaintiff respectfully requests that the Court order bifurcated service specifically allowing enough time for the Financial Institutions and/or Third Party Service Providers to comply with the TRO before ordering service on Defendant. Plaintiff has filed a separate *Ex Parte* Motion For Alternative Service Of Process By Electronic Means.

Courts grant *ex parte* applications for relief in similar matters and Plaintiff requests that the Court grant its Application.

## II.     ARGUMENT

### A.     THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANTS

Many defendants, if not all, have obfuscated their physical location on their respective Amazon storefronts. See, Zhang Decl., ¶ 3. Accordingly, the following analysis will assume that all of them are located outside the State of New York, and thus qualify as "foreign" defendants.

Determining personal jurisdiction over a foreign defendant in a federal question case requires a two-step inquiry. First, courts must look to the law of the forum state to determine whether personal jurisdiction will lie. *Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 168 (2d Cir. 2013) (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007)).

Second, if jurisdiction lies, the court then considers whether the district court's exercise of personal jurisdiction over a foreign defendant comports with due process protections established under the United States Constitution. See *Id*.; see also, *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). As alleged herein, Defendants' unlawful infringing activities subject it to long-arm jurisdiction in New York under N.Y. C.P.L.R. § 302(a)(1). Furthermore, New York's exercise of jurisdiction over Defendants thereunder comports with due process.

### 1. Defendants are Subject to Personal Jurisdiction Under N.Y. C.P.L.R. § 302(a)(1)

Under § 302(a)(1), there are two requirements that must be met to establish personal jurisdiction: "(1) [t]he defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Licci*, 732 F.3d at 168 (quoting *Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006)). In applying the test for the "transacts business" prong of § 302(a)(1), "New York decisions … tend to conflate the long-arm statutory and constitutional analyses by focusing on the constitutional standard," ergo, "a defendant need not be physically present in New York to transact business there within the meaning of [this first prong]," so long as the defendant has engaged in "purposeful activity," for example, "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 169-71 (2d Cir. 2010) (quoting *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246-247 (2d Cir. 2007) (internal quotation marks omitted).

The second prong of § 302(a)(1) requires an "articulable nexus or substantial relationship between the business transaction and the claim asserted," however, "a causal relationship between the business transaction and the claim asserted" is not required. *Gucci Am., Inc. v. Weixing L*i, 135 F. Supp. 3d 87, 93 (S.D.N.Y. 2015) (citations omitted) (internal citations omitted) (internal quotation marks omitted).  Rather, it is sufficient that "the latter is not completely unmoored from the former." *Id*. In determining whether a party has "transacted business," New York courts must look at the totality of the circumstances concerning the party's interactions with, and activities within, the state. *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000).  Whether the exercise of personal jurisdiction is permissible in the context of Internet activity is "directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Id*.

Courts in this Circuit have regularly conferred personal jurisdiction on a given defendant based on that defendant's operation of a fully interactive website through which consumers can access the site from anywhere and purchase products, as is the case with Defendants' online storefronts, including Amazon, Ebay, Walmart, Wayfair and Alibaba, and allow for customers all over the world to communicate with Defendants and view and purchase products, including the Hanging Exercise Products, as demonstrated by the checkout pages and purchase of Infringing Products completed by Mr. Zhang. See Zhang Decl., Exhibit D001 to D162. see also *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 170, 170 (2d Cir. 2010).

This Circuit has exercised jurisdiction over defendants under § 302(a)(1) where such defendants regularly offer for sale and sell goods through online marketplaces, "even though Defendants do not control their storefront or its interactivity to the same extent that they control their own highly interactive website." *Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC,*

No. 15 Civ. 8459 (LGS), 2016 U.S. Dist. LEXIS 89149 *7 (S.D.N.Y. July 8, 2016) (quoting

*EnviroCare Techs., LLC v. Simanovsky*, No. 11-CV-3458(JS)(ETB), 2012 U.S. Dist. LEXIS

78088 *8 (E.D.N.Y. June 4, 2012). Jurisdiction is proper "for internet sellers who use an internet

storefront like Amazon," when the Internet sellers are "commercial vendors who use it 'as a

means for establishing regular business with a remote forum.'" *Id.* at *8.

In L*ifeguard Licensing Corp.*, Judge Schofield held that a "website that does more than

provide information about a product and allows customers to purchase goods online, is a 'highly

interactive website, 'which may provide a basis for personal jurisdiction under CPLR § 302(a)."

*Id.* at *7. (citing *Chloe*, 616 F.3d at 170 and *Grand v. Schwartz*, No. 15 Civ. 8779, 2016 U.S.

Dist. LEXIS 61606 at *3 (S.D.N.Y. May 1, 2016) (holding that interactive commercial websites

provides support for jurisdiction pursuant to CPLR § 302(a)(1))). Moreover, "[r]egularly offering

and selling goods via an online marketplace such as Amazon.com can provide a basis for

personal jurisdiction under CPLR § 302(a), even though Defendants do not control their

Amazon.com 'storefront 'or its interactivity to the same extent that they control their own highly

interactive website." *Id.* at *8. If a defendant wishes to operate an interactive website accessible

in New York, there is no inequity in subjecting [that defendant] to personal jurisdiction here. If

[a defendant] does not want its website to subject it to personal jurisdiction here, it is free to set

up a passive website that does not enable [that defendant] to transact business in New York.

T*homas Publ'g Co. v. Indus. Quick Search*, 237 F. Supp. 2d 489, 492 (S.D.N.Y. 2002)[1].

---

[1] This Court have repeatedly found personal jurisdiction over defendants based in China who are
operating similar online marketplace platforms, such as Alibaba, AliExpress, Wish and eBay.
See, e.g., *Allstar Marketing Group, LLC v. 24x7, et al.*, No. 18-cv-9043-JSR (S.D.N.Y. Oct. 3,
2018); *Ideavillage Products Corp. v. 666668, et al.*, No. 18-cv-6850-CM (S.D.N.Y. July 31,
2018); *William Mark Corporation v. 1104520362, et al.*, No. 18-cv-6715-PAC (S.D.N.Y. July
26, 2018); *Ideavillage Products Corp. v. 207058772, et al.*, No. 18-cv-6512-VM (S.D.N.Y. July
19, 2018); *Ideavillage Products Corp. v. 29shyans2012, et al.*, No. 18-cv-6266-AT (S.D.N.Y.

In *EnviroCare Techs.*, the court held "if a website is interactive and allows a buyer in New York to submit an order online, courts typically find that the website operator is 'transacting business 'in New York and is therefore subject to the court's jurisdiction." 2012 U.S. Dist. LEXIS 78088 at \*9 (citing *Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d 449, 456 (S.D.N.Y. 2000) ("Generally, an interactive website supports a finding of personal jurisdiction over the defendant.")) Similarly, in *Chloe*, the Second Circuit found that while the single act of shipping a counterfeit product might be sufficient to subject him to the jurisdiction of a New York court, it did not need to delve into such an inquiry as the defendant "operated a highly interactive website offering [infringing products] for sale to New York consumers." *Chloe*, 616 F.3d 158, 170.

In some circumstances, courts in the Second Circuit have found that "[t]he offering for sale of even one copy of an allegedly infringing item, even if no sale results, is sufficient to give personal jurisdiction over the alleged infringer under N.Y. CPLR § 302(a), subd. 1, 2 and 3." *Cartier v. Seah LLC*, 598 F. Supp. 2d 422, 425 (S.D.N.Y. 2009). In *McGraw-Hill Global Educ. Holdings LLC v. Khan*, 323 F. Supp. 3d 488 (S.D.N.Y. 2018), the Court found personal

July 11, 2018); *Off-White v. 6014350 et al.*, No. 18-cv-5322-GBD (S.D.N.Y. June 13, 2018); Intenze Products, Inc. v. 1586, et al., No. 18-cv-4611-RWS (S.D.N.Y. May 24, 2018); *William Mark Corporation v. 1&cc, et al.*, No. 18-cv-3889-RA (S.D.N.Y. May 2, 2018); *WOW Virtual Reality, Inc. v. Bienbest, et al.*, No. 18-cv-3305-VEC (S.D.N.Y. April 16, 2018); *Ideavillage Products Corp. v. abc789456, et al.*, No. 18-cv-2962-NRB (S.D.N.Y. April 11, 2018); Ideavillage Products Corp. v. Aarhus, et al.*, No. 18-cv-2739-JGK (S.D.N.Y. April 11, 2018); *Moose Toys Pty Ltd. et al., v. 963, et al.*, No. 18-cv-2187-VEC (S.D.N.Y. April 2, 2018); *Off-White, LLC v. A445995685, et al.*, No. 18-cv-2009-LGS (S.D.N.Y. March 27, 2018); *Spin Master Ltd. and Spin Master, Inc. v. 158, et al.*, No. 18-cv-1774-PAE (Feb. 27, 2018); *JLM Couture, Inc. v. Aimibridal, et al.*, No. 18-cv-1565-JMF (S.D.N.Y. Feb. 21, 2018); *Spin Master Ltd. and Spin Master, Inc. v. Alisy, et al.*, No. 18-cv-543-PGG (S.D.N.Y. Jan. 22, 2018); *WowWee Group Limited, et al. v. Meirly, et al.*, No. 18-cv-706-AJN (S.D.N.Y. Jan. 26, 2018); Ideavillage Products Corp. v. Dongguan Shipai Loofah Sponge Commodity Factory, et al.*, No. 18-cv-901-PGG (S.D.N.Y. Feb. 1, 2018).

jurisdiction where the defendant's website was "interactive" and allowed a buyer to submit an order online. McGraw-Hill cited to *Audiovox Corp v. S. China Enter., Inc*., 2012 U.S. Dist. LEXIS 104656 at *3 (S.D.N.Y. Jul. 26, 2012) for the proposition that "if a website is interactive and allows a buyer in New York to submit an order online, courts typically find that the website operator is 'transacting business 'in New York and is therefore subject to the court's jurisdiction." *See also, Hsin Ten Enter*., 138 F. Supp. 2d 449, 456 ("Generally, an interactive website supports a finding of personal jurisdiction over the defendant.").

Here, Defendants operate interactive their respective online storefronts, including Amazon, Ebay, Walmart, Wayfair and Alibaba, allowing New York consumers to inquire and communicate with Defendants, purchase goods, including the Hanging Exercise Products, by and through Defendants' listings, and upon completion of a sale, ship goods to New York.

Defendants have chosen to sell the Hanging Exercise Products, among many other products, on their respective Amazon Storefront. See, Zhang Decl., Exhibit D001 to D162. (Order and Delivery Confirmations). This supports a finding that Defendants intentionally use Amazon" as a means for establishing regular business with a remote forum." *EnviroCare Techs., LLC*, 2012 U.S. Dist. LEXIS 78088 at *10 (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008)).

Moreover, because Defendants offer for sale and/are selling Hanging Exercise Products with Storefronts that reflect multiple sales to consumers across the world, including repeat sales to consumers in the U.S., confirms that Defendants are sophisticated sellers operating commercial businesses through Amazon, such that they are subject to jurisdiction. *Id*. at *10.

It is highly likely that Defendant has shipped Hanging Exercise Products to consumers in New York based on the following: 1) Plaintiff's counsel, and/or his staff, has completed a

checkout page for an order of Infringing Products from every Defendant through an account associated with the New York Address, 2) Plaintiff's counsel, and/or his staff, purchased an Infringing Product 3) and Defendant shipped the Hanging Exercise Products to this forum. See, Zhang Decl., Exhibit D001 to D162.

Nevertheless, whether a defendant physically shipped the Hanging Exercise Products into New York is not determinative of whether personal jurisdiction exists, as courts in this Circuit examine a given defendant's online interactions with consumers in considering whether a particular defendant has transacted business in the forum state under § 302(a)(1). *Rolex Watch, U.S.A., Inc. v. Pharel*, 2011 U.S. Dist. LEXIS 32249, at * 6 (E.D.N.Y. Mar. 11, 2011).

Plaintiff and Plaintiff's counsel viewed Defendant's Hanging Exercise Products via their online User Accounts and Merchant Storefronts on online platforms. Plaintiff's counsel then completed checkout pages for the Hanging Exercise Products by providing the New York Address as the shipping address.[2] See, Zhang Decl., Exhibit D001 to D162.

Further, Plaintiff's counsel purchased Hanging Exercise Products from the checkout page into New York. Id. Thus, Defendants' sophisticated commercial operations, specifically including its offering for sale and/or selling of Infringing Products through their highly interactive User Accounts and Merchant Storefronts on Amazon, Plaintiff counsel's completion of checkout pages with the New York Address, the subsequent purchase of Infringing Products, along with Defendant's own representations on their Merchant Storefronts that they ship

---

[2] Under case law of the Second Circuit, when analyzing personal jurisdiction in the Internet context, traditional statutory and constitutional principles remain the touchstone of the inquiry", and while a website's interactivity, may be useful" for analyzing personal jurisdiction insofar as it helps to decide whether the defendant 'transacts any business' in New York,'" … "it does not amount to a separate framework for analyzing internet-based jurisdiction." *Best Van Lines, Inc.*, 490 F.3d at 252 (quoting *Best Van Lines, Inc. v. Walker*, No. 03 Civ. 6585 (GEL), 2004 U.S. Dist. LEXIS 7830, at *9 (S.D.N.Y. May 4, 2004) (internal citation omitted)).

Hanging Exercise Products to the U.S., including New York, unequivocally establishes that Defendant conducts business within this District and the claims in this suit arise from Defendants' business dealings and transactions with consumers in New York.[3]

### 2. *Exercising Personal Jurisdiction Over Defendant Comports with Due Process*

Asserting personal jurisdiction over Defendants also comports with the Due Process Clause of the U.S. Constitution, as Defendant has" certain minimum contacts … such that maintenance of th[is] suit does not offend 'traditional notions of fair play and substantial justice.'" *Calder v. Jones*, 465 U.S. 783, 788 (1984) (quoting *Milliken v. Meyer*, 311 U.S. 457 (1940)). Defendants intentionally directed activity towards the New York market, thereby purposefully availing themselves of "the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (U.S. 1985); see also *Best Van Lines, Inc.*, 490 F.3d at 243. See, Zhang Decl., Exhibit D001 to D162

Moreover, "as a practical matter, the Due Process Clause permits the exercise of jurisdiction in a broader range of circumstances of N.Y. C.P.L.R. § 302, and a foreign defendant meeting the standards of § 302 will satisfy the due process standard." *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 469 (S.D.N.Y. 2008). Accordingly, Plaintiff respectfully submitted that this Court has personal jurisdiction over Defendants in this action.

---

[3] Plaintiff respectfully submits that the Court has jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2), which provides for jurisdiction over a defendant if a claim arises under federal law, if the defendant is not subject to jurisdiction of the courts of general jurisdiction of any state, and if the exercise of jurisdiction is consistent with the Constitution and laws of the United States." *Lechner v. Marco-Domo Internationales Interieur GmbH*, No. 03 Civ. 5664 (JGK), 2005 U.S. Dist. LEXIS 4022, *8 (S.D.N.Y. Mar. 10, 2005).

**B.     PLAINTIFF IS ENTITLED TO AN EX PARTE TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

An *ex parte* order is essential to prevent immediate and irreparable injury to Plaintiff. A temporary restraining order may be granted without written or oral notice to the opposing party or that party's counsel where "it clearly appears from the specific facts shown by affidavit . . . that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b).

A patentee's statutory basis for injunctive relief is codified at 35 U.S.C. § 283: "The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." One of the rights secured by a patent is the right to exclude others: "Every patent shall contain … a grant to the patentee … of the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States or importing the invention into the United States, and, if the invention is a process, of the right to exclude others from using, offering for sale or selling throughout the United States, or importing into the United States, products made by that process …." 35 U.S.C. § 154(a)(1); see also Id. § 261 ("Subject to the provisions of this title, patents shall have the attributes of personal property.")

"To obtain a preliminary injunction, a plaintiff must establish: '(1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly 'in its favor.'" *Louis Vuitton Malletier v. Burlington Coat Factory Warehouse Corp*., 426 F.3d 532, 537 (2d Cir. 2005) (quoting *Federal Express Corp. v. Federal Espresso, Inc.*, 201 F.3d 168, 173 (2d Cir. 2000)).  The "standards

which govern consideration of an application for a temporary restraining order… are the same standards as those which govern a preliminary injunction." *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992). Plaintiff meets the standard for a preliminary injunction and the Court should enter a temporary restraining order.

### 1. *Plaintiff is Likely to Prevail on Its Patent Infringement Claim*

For a patentee to establish that he is likely to succeed on the merits, he must demonstrate that he will likely prove infringement of one or more claims of the patents-in-suit, and that at least one of those same allegedly infringed claims will also likely withstand the validity challenges presented by the accused infringer. *AstraZeneca LP v. Apotex, Inc.,* 633 F.3d 1042, 1050 (Fed. Cir. 2010), citing *Amazon.com v. Barnesandnoble.com*, 239 F.3d 1343, 1351 (Fed. Cir. 2001).

Here, Plaintiff has a valid patent. The asserted patent is United States Patent No. 11,478,673 ("the '673 patent"). Likewise, the accused product is well within the scope of the claimed invention. The assignment records show that the Plaintiff owns it.

Claim construction is the first step in determining infringement of a patent. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (*en banc*), aff'd, 517 U.S. 370 (1996). "Intrinsic evidence is the most significant source of the legally operative meaning of disputed claim language" *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582, (Fed Cir. 1996). Moreover, the claim language should be read in light of the patent's specification *Slimfold Mfg. Co. v. Kinkead Indus., Inc.*, 810 F.2d 1113, 1116 (Fed. Cir. 1987).

A patent claim is literally infringed if the accused product includes all elements or limitations of the claim. *Signtech U.S.A. v. Vutek, Inc.*, 174 F.3d 1352 (Fed. Cir. 1999); *Builders Concrete, Inc. v. Bremerton Concrete Products*, 757 F.2d 255, 257 (Fed. Cir. 1985).

The complaint includes five claim charts as representative samples that detail how the products of five Defendants meet each and every element of Claim 1 of the '673 patent. Upon information and belief, the other Defendants have substantially similar products and thus, would infringe Claim 1 of the '673. The basis of this belief is the review of the products sold by the Defendants on each website. Zhang Decl., Exhibit B.

### 2. *Plaintiffs will be irreparably harmed without a preliminary injunction*

Defendants, who, upon information and belief, are obfuscating the location of their business and operate its businesses exclusively over the Internet, knowingly and willfully offer for sale and/or sell the Hanging Exercise Products through their respective Amazon Storefront.

Since this product is intended for children's use, Plaintiff has placed a strong emphasis on ensuring its quality. See Liu Decl. at 8. Plaintiff obtained a relevant product quality certification, purchased inspection equipment, established its own inspection laboratory, and requested the U.S. NBTS testing agency to issue a Children's Product Certificate (CPC). Id. Plaintiff also purchased $2 million in accident compensation insurance for the product in global regions each year. Id at 9.

Further, Plaintiff has spent an extraordinary amount of time, money, and effort on developing this product. Starting from the second half of 2019, Plaintiff's product was widespreadly recognized in the US market. Id. at 13. Plaintiff experienced a significant increase in sales and brand recognition in the US market, resulting in annual profits of $3-4 million.

However, Plaintiff faced a sharp decline in sales due to counterfeiters entering the global market in the latter half of 2020, resulting in annual losses of $1 million by 2022. The unauthorized competitors' low prices and low-quality products dominated the market, leading to unsold goods, a lack of profit support, and downsizing of the factory and sales/marketing team.

Plaintiff has a higher unit cost due to investments in product quality and testing, along with the use of environmentally friendly materials, and was easily undercut in prices in competing for customers, causing a decline in market share. Id at 13-24

The negative impact of the unauthorized competitors on Plaintiff's brand value, sales, and customer trust, and the challenges of identifying the physical addresses of counterfeiters through online business platforms. Id.

The covert nature of Defendants and its infringing activities make any order other than a preliminary injunction an exercise in futility. The immediate and irreparable harm to Plaintiff's business and reputation, greatly outweighs the harm to Defendant's interests in continuing to offer for sale and selling the Hanging Exercise Products.

## C.     PLAINTIFFS ARE ENTITLED TO AN ORDER 1) PREVENTING THE FRAUDULENT TRANSFER OF ASSETS AND 2) FREEZING DEFENDANTS ' AMAZON STOREFRONT

### 1.     Defendants' Assets Must be Frozen

Considering the nature of Defendants' infringing products, and Plaintiff's showing that they have a high likelihood of succeeding on the merits of their claims, Plaintiff will be entitled to an equitable accounting of Defendants' profits from their sales of the Hanging Exercise Products.

Plaintiff's request for an asset freeze order granting Plaintiff information regarding the location of Defendants' Assets, the attachment of Defendants' Assets and an injunction preventing the transfer from or to Defendants' financial accounts by their financial institutions and any Third Party Service Providers is both necessary and appropriate, and is within this Court's discretion to preserve Plaintiffs 'right to the relief sought in the Complaint.

District courts have "authority to freeze those assets which could [be] used to satisfy an equitable award of profits." *North Face Apparel Corp. v. TC Fashions, Inc.*, 2006 U.S. Dist. LEXIS 14226, at *10 (S.D.N.Y. Mar. 30, 2006) (internal citation omitted). In doing so, a court "may exempt any particular assets from the freeze on the ground that they [are] not linked to the profits of allegedly illegal activity." *Id.* at *11. The onus is on "the party seeking relief [from such asset freeze] to 'present documentary proof'" that its profits are not from such illegal activity. Id.

An asset freeze in the instant matter is unquestionably warranted because Defendants, who are of unknown location, are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Hanging Exercise Products to U.S. consumers solely via the Internet, and accepting payment for such in U.S. Dollars through various financial institutions. This causes irreparable harm to Plaintiff in the form of lost sales, loss of market share, and loss of control of retailers and consumers, and can, and most certainly have the incentive to, transfer and hide their ill-gotten funds if their assets are not frozen.

Therefore, Plaintiffs respectfully submit that this Court should exercise its inherent equitable power and freeze Defendants' assets and financial accounts for the purpose of preserving Defendants 'funds and ensuring that a meaningful accounting of their profits can be made.

### 2. Defendants' Amazon Storefronts Must Be Frozen

A temporary restraining order which, in part, restrains Amazon from providing services to Defendants' Amazon Storefronts is warranted and necessary because the continued offering for sale and/or sale of the Hanging Exercise Products on their respective Amazon storefronts will result in immediate and irreparable injury to Plaintiffs. *Gucci Am., Inc. v. Weixing Li,* 768 F.3d

122, 126 (2d Cir. 2014); *AW Licensing, LLC v. Bao*, No. 15-CV-1373, 2015 U.S. Dist. LEXIS 177101, at *3 (S.D.N.Y. Apr. 1, 2015).

**D.      PLAINTIFF IS ENTITLED TO AN ORDER AUTHORIZING EXPEDITED DISCOVERY**

Plaintiff respectfully requests that the Court order expedited discovery from Defendants, Financial Institutions and Third Party Service Providers regarding the scope and extent of Defendants' infringing activities, as well as Defendants' accounts details and other information relating to Defendants' Financial Accounts, Assets and/or any and all User Accounts and or Financial Accounts with the Third Party Service Providers, including, without limitation any and all websites, their respective Amazon Storefronts, including, without limitation, those owned and operated, directly or indirectly, by the Third Party Service Providers and the Financial Institutions.

Generally, a party may not seek discovery prior to a Rule 26(f) conference unless authorized by a court order. Fed. R. Civ. P. 26(d)(1). In the past, Courts in this District have often applied a four-factor test to determine when expedited discovery may be granted, but now apply a more flexible "good cause" test to examine "the discovery request . . . on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005) (internal citation omitted). Regardless of which test, Plaintiffs have established that they are entitled to the expedited discovery requested for good cause shown.  See Id. at 327.

Plaintiff also respectfully submits that the Court issue an order authorizing Plaintiff to serve the Financial Institutions and/or Third-Party Service Providers with notice of the Court's

order via electronic means prior to serving Defendant and with enough time for the Financial

Institutions and/or Third Party Service Providers to comply with the Court's order to help

expedite the process.


**E.     PLAINTIFF'S REQUEST FOR A SECURITY BOND IN THE AMOUNT
         OF $500 IS ADEQUATE**

In determining the amount of the bond that a moving party must post, this Court is

"vested with wide discretion." *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996).

Plaintiff respectfully submit the provision of security in the amount of $500.00 is sufficient.

*Cuiping Zhou v. Tchh-Dayup et. al*., No. 22-cv-06958-KPF (S.D.N.Y. August 16, 2022).

Moreover, courts of this Circuit have gone as far as to hold that no security bond is necessary in

similar circumstances.  See *Mattel, Inc. v. 86755, et al.*, No. 18-cv-8825-RJS-JSR (S.D.N.Y. Oct.

4, 2018) (The Hon. Richard J. Sullivan held that no security bond was necessary because "it

strikes me almost as fairly arbitrary.")


## III.    Conclusion

For the reasons set forth above, Plaintiff respectfully requests that its application be

granted *ex parte* in its entirety.


Dated  March 27, 2023
Queens, New York

                                    Respectfully submitted.

                                    */s/ Jiyuan Zhang*
                                    _____
                                    Jiyuan Zhang, Esq

J. Zhang and Associates, P.C,
136-20 38th Avenue, # 11G,
Flushing, NY 11354
607-948-3339
contact@jzhanglaws.com