## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Jiangsu Huari Webbing Leather Co., Ltd. | ) ) ) | |
| Plaintiff | ) ) | Case No. 23-cv-2605 |
| v. | ) ) ) | |
| Joes Identified in Schedule "A" | ) ) ) | |
| Defendants. | ) | |

### 1. TEMPORARY RESTRAINING ORDER; 2. ORDER RESTRAINING DEFENDANTS' STOREFRONT AND DEFENDANT'S ASSETS WITH THE FINANCIAL INSTITUTIONS; 3. ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4. ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5. ORDER AUTHORIZING EXPEDITED DISCOVERY

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Defendants identified in Schedule "A" Storefront and Defendant's Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Infringing Products.

Having reviewed the Application, Complaint and annexed Declaration of Jiyuan Zhang and Exhibits, Declaration of Bin Liu, and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

### FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Plaintiff Jiangsu Huari Webbing Leather Co., Ltd ("Plaintiff") is the owner of US Patent No. 11,478,673 ("the '673 patent"), which claims the ornamental design of a laptop stand.

2. The '673 patent was issued on October 25, 2022 and has a filing date of March 21, 2020.

3. Defendants identified in Schedule "A" ("Defendants") is the trade name of the Defendants identified in Schedule "A" Storefront, which they sell products to the American marketplace via online platforms, including Amazon.com, Ebay.com, Walmart.com, Wayfair.com, and Alibaba.com.

4. Defendants are not, nor has ever been, authorized distributors of Plaintiff or licensee of the '673 patent.

5. Plaintiff is likely to prevail on its claim that Defendants infringe the '673 patent at trial.

6. As a result of Defendants' infringement, Plaintiffs, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiffs' Application for *ex parte* relief is granted:

    a. Defendants have offered for sale and sold products that infringe the '673 patent;

    b. Plaintiffs have well-founded fears that Defendants will sell more infringing products on in the marketplace, resulting in injury to Plaintiff; including market dilution, loss of opportunity, and loss of sales for its own laptop stands; and

    c. Plaintiff has well-founded fears that if they proceed on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with their infringing products or other goods that infringe the '673 patent, the means of obtaining or manufacturing such infringing products, and records relating thereto that are in their possession or

under their control, (ii) inform their suppliers and others of Plaintiff's claim with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of infringing products or other goods infringing the '673 patent, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (iii) secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from its sales of their infringing products or other goods infringing the '673 patent and records User Accounts and Defendants identified in Schedule "A" Storefront under new or different names and continue to offer for sale and sell infringing products with little to no consequence.

7. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, their business, the goodwill and reputation built up in and associated with the '673 patent and to their reputations if a temporary restraining order is not issued.

8. Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its '673 patent.

9. Plaintiff has not publicized its request for a temporary restraining order in any way.

10. Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

11. If Defendants are given notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of their infringing products or other goods infringing the '673 patent. Therefore, good cause

exists for granting Plaintiffs' request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts and it is anticipated that it will take the Amazon.com a minimum of five (5) days to freeze the Defendants identified in Schedule "A" Storefront. As such, the Court allows enough time for Plaintiffs to serve the Financial Institutions and Amazon.com, with this Order, and for the Financial Institutions and Amazon.com to comply with the Paragraphs I(B)(1) through I(B)(2) and I(C)(1) through I(C)(2) of this Order, respectively, before requiring service on Defendants.

12. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of infringing products. Therefore, Plaintiffs have good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiffs' Application is hereby **GRANTED** as follows:

### I.   Temporary Restraining Order

A.   IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in infringing products, or any other products infringing the '673 patent;

2) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Defendants identified in Schedule "A" Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of infringing products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

3) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(7) above and I(B)(1) through I(B)(2) and I(C)(1) through I(C)(2) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Amazon.com, Ebay.com, Walmart.com, Wayfair.com, and Alibaba.com and their affiliated Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendant's Financial Accounts until further ordered by this Court;

2) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any

other records or evidence relating to Defendant's Assets and Defendant's Financial Accounts; and

3) knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs I(A)(I) through I(A)(7) and I(B)(1) through I(B)(2) above and I(C)(1) through I(C)(2) below.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Amazon.com, Ebay.com, Walmart.com, Wayfair.com, and Alibaba.com, are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1) within five (5) days after receipt of service of this Order, providing services to Defendants, Defendants' User Accounts and Defendants Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Defendants Storefronts and

2) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(7), I(B)(1) through I(B)(2) and I(C)(1) through I(C)(2) above

## II. Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A. Defendants are hereby ORDERED to show cause before this Court in Courtroom _____ of the United States District Court for the Southern District of New York at 500 Pearl Street, New York, NY 10007 on _____, 2023 at _____ or at such

other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

B.    IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiffs' counsel by delivering copies thereof to the office of J. Zhang and Associates, P.c., 136-20 38th Avenue, # 11G, Flushing, NY 11354, Attn: Jiyuan Zhang on or before_____, 2023.  Plaintiff shall file any Reply papers on or before _____, 2023.

C.    IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in Paragraph II(A) above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

### III.    Asset Restraining Order

A.    IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Plaintiffs' counsel.

### IV.    Order Authorizing Bifurcated and Alternative Service by Electronic Means

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

1) delivery of: (i) PDF copies of this Order together with the Summons and Complaint, and (ii) a link to a secure website where the Defendants will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' Application seeking this Order to Defendants' e-mail addresses to be determined after having been identified by Amazon.com pursuant to Paragraph V(C) or may otherwise be determined.

2) delivery of a message to Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website where Defendants will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants, Amazon.com, and Financial Institutions through the pendency of this action.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial

Institutions and Third Party Service Providers' compliance with Paragraphs III(A) and V(C) of this Order.

## V. Order Authorizing Expedited Discovery

A.   IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)   Within fourteen (14) days after receiving service of this Order, Defendant shall serve upon Plaintiffs' counsel a written report under oath providing:

   a.   its true name and physical address;

   b.   the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts and Defendants identified in Schedule "A" Storefront on Amazon.com that Defendants own and/or operate;

   c.   the complete sales records for any and all sales of Infringing Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

   d.   the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

   e.   the steps taken by each Defendant, or other person served to comply with Section I, above.

2)   Plaintiffs may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern

and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

3) Plaintiffs may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions shall identify any and all of Defendants' Financial Accounts, and provide Plaintiffs' counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers shall identify any and all of Defendants' User Accounts and Defendants identified in Schedule "A" Storefront, and provide Plaintiffs' counsel with a summary report containing account details for any and all User

Accounts and Defendants identified in Schedule "A" Storefront, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants identified in Schedule "A" Storefront, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiffs' counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendant's Financial Accounts, including, but not limited to, documents and records relating to:

    a. account numbers;

    b. current account balances;

    c. any and all identifying information for Defendant, Defendant's User Accounts and Defendants identified in Schedule "A" Storefront, including, but not limited to, names, addresses and contact information;

    d. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

e. any and all deposits and withdrawals during the previous year from each and every one of Defendant's Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

f. any and all wire transfers into each and every one of Defendant's Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiffs' counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendant's User Accounts and Defendants identified in Schedule "A" Storefront, including, but not limited to, documents and records relating to:

a. any and all User Accounts and Defendants identified in Schedule "A" Storefront and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

b. the identities, location and contact information, including any and all e-mail addresses of Defendant that were not previously provided pursuant to Paragraph V(C);

c.      the nature of Defendant's businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendant's User Accounts and Defendants identified in Schedule "A" Storefront, a full accounting of Defendant's sales history and listing history under such accounts and Defendant's Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants identified in Schedule "A" Storefront; and

d.      Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of infringing products, or any other products infringing the '673 patent.

### VI.     Security Bond

A. IT IS FURTHER ORDERED that Plaintiffs shall place security in the amount of _____ Dollars (_____) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

**SO ORDERED,**

Dated: March ___, 2023

New York, New York

_____
UNITED STATES DISTRICT JUDGE