IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Jiangsu Huari Webbing Leather Co., Ltd. | ) ) ) | |
| Plaintiff | ) ) | Case No. 23-cv-2605 |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| Joes Identified in Schedule "A" | ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Jiangsu Huari Webbing Leather Co., Ltd. ("Plaintiff") hereby alleges as follows against the individuals, corporations, limited liability companies, partnerships, unincorporated associations, and foreign entities identified on **Schedule A** of the Motion to Seal, filed concurrently with this Complaint (collectively, "Defendants").

I.      **INTRODUCTION**

1.      This is an action for infringement by Defendant of Plaintiff's United States Patent No. 11,478,673 ("the '673 patent") under the Patent Act, 35 U.S.C. § 271 (a), based on Defendants' unauthorized and unlawful commercial making, using for sale, and selling in the United States, and importing into the United States, similar products to the walking flat belt having hanging exercise means (hereinafter, "Hanging Exercise Products"). This product is claimed by the '673 patent.

1

## II. PARTIES

2. The Plaintiff is a Chinese company located in Erqiao Village, Sixiang Town, Taizhou Development Zone, Taizhou, China, 225300.

3. The Plaintiff is the assignee of the '673 patent. A copy of the patent is included as **Exhibit A** and a copy of the assignment records at the USPTO is included as **Exhibit B**.

4. Defendants are various individuals, corporations, limited liability companies, partnerships, unincorporated associations, and foreign entities that sell on the internet (i.e., Amazon.com, ebay..com, etc…).

5. Upon information and belief, Defendants collect revenue from and fulfill orders placed on their respective storefronts the internet for the sale of the Hanging Exercise Products.

## III. JURISDICTION AND VENUE

6. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 1338, as the dispute between the parties presents a substantial question of federal law, including the Patent Act, 35 U.S.C. § 271 (a).

7. This Court has personal jurisdiction over Defendants because they regularly transact business in this Court's jurisdiction by selling products through their storefronts via various Internet platforms, such Amazon.com, Alibaba.com, eBay.com, and Walmart.com.

8. Each Defendant has either sold and shipped an infringing product to this forum or demonstrated its desire and ability to do so. This is demonstrated in the Affidavit of Jiyuan Zhang, ¶ 5, and supporting exhibits **D001 to D162** thereto. In particular these contain sales and shipment records of some Defendants. For others, there are records of placing the infringing

product in the platform's checkout with the proper address, although the product was ultimately unpurchased.

9. Specifically, each Defendant sent at least one Hanging Exercise Product or was willing to send it to an address located at 1407 Broadway, Room 202, New York NY 10018-3869. This is within the geographic jurisdiction for this Court.

10. The precise dates of sale and delivery are specific to the individual Defendants that were purchased. See, Jiyuan Zhang, ¶ 6. Exhibits **D001 to D162**.

11. Venue is proper because a substantial part of the events giving rise to the claims occurred in this district. Notably, Defendants actively marketed to this forum and either shipped their Hanging Exercise Products to this forum or were able and willing to do so. Whether or not the Hanging Exercise Products infringe the '673 patent is the central focus is this lawsuit.

12. Personal jurisdiction is established over Defendants because they purposefully availed themselves to this District. They each either shipped the Hanging Exercise Product to 11407 Broadway, Room 202, New York NY 10018-3869 or were able and willing to do so. This is within the geographic jurisdiction of this Court.

**IV.	FACTS**

13. Plaintiff is in the business of innovating, producing, and selling equipment for backyard obstacle courses that are inspired by the show "American Ninja Warrior."

14. The '673 patent, entitled "Walking Flat Belt Having Hanging Exercise Means", was filed on March 21, 2020, and issued on October 25, 2022 and named Zhaogen Liu as the inventor. Attached as **Exhibit A** is a true and correct copy of the '673 patent.

15.     The '673 patent claims priority to Chinese Application No. CN 2019203699, filed on March 22, 2020.

16.     The '673 patent has one independent claim and seven dependent claims.

17.     The text of Claim one, the sole independent claim, is reproduced below.

> A walking flat belt, comprising a mounting member, a sling body, a hanging obstacle, and a connecting member; wherein the mounting member is mounted to the sling body and comprises a rectangular shaped buckle and a flat strap to receive the rectangular shaped buckle; the rectangular shaped buckle, including a mouthpiece element, made of a pair of horizontal members and a pair of vertical members and a partition element, located in the mouthpiece element; wherein two ends of the partition element are connected with the vertical members of the mouthpiece element to form one integral piece; the partition element divides an area enclosed by the mouthpiece element to a first connection area and second connection area; wherein one end of the flat strap passes through the first connection area, then passes over the partition element and then passes through the second connection area, and is connected with an other end of the flat strap.

18.     Upon information and belief, each Defendant infringes and continues to infringe Claim 1 of the '673 patent by making, using, offering to sell, intending to sell[1], and selling the Hanging Exercise Products throughout the United States, including in this judicial District.

19.     The basis of this belief is established upon a review of the products of various Defendants.

20.     For the convenience of the court, **Exhibits C, D, E, F, and G** to this Complaint are five representative sample claim charts that correspond to Defendants Jugador, Joymor, Dripex, Autofonder, and ACX, respectively. Each claim chart analyzes the Hanging Exercise Products as sold by each Defendant against Claim 1 of the '637 patent. Every element of Claim 1 is satisfied by the Hanging Exercise Products that are sold by these Defendants.

---

[1] At times, some websites for the various Defendants claim that the product is "Out of Stock" or use similar phraseology. Nonetheless, the listing remains, thus showing their intent to replenish their inventory and sell the product.

21. Upon information and belief, the other Defendants sell Hanging Exercise Products that are substantially similar in structure to the products analyzed in these claim charts. As such, each of the Defendants on Schedule A would also meet each and every element of Claim 1 of the '637 patent.

22. The basis of this belief is a review of the products on each of the websites for these Defendants, which are provided in the aforementioned Affidavit of Jiyuan Zhang, ¶ 5, Ex. **D001 to D162**. In further support of this belief, the Affidavit of Jiyuan Zhang, ¶ 6, Ex. B also contains a chart with pictures from the relevant portions from each website. A review of each of these shows substantially similar structural properties which are interchangeable with the structures in the five representative sample claim charts.

23. For the convenience of the Court, only five representative claim charts are provided as doing one for each of the Defendants on Schedule A would be a highly voluminous record. However, claim charts for any other Defendant can be provided at the request of the Court.

24. Defendants actively manufacture, market, and distribute Hanging Exercise Products, which is covered by the '637 patent.

25. Defendants' sales of the Hanging Exercise Products are without authority or permission from Plaintiff.

26. Defendants have caused and will continue to cause Plaintiff substantial damages and injury including Plaintiff's loss of unique product positioning and lost profits due to lost sales by virtue of Defendants' past and continuing infringement of the '637 patents.

27. Plaintiff will suffer further damage and injury unless and until Defendants are enjoined by this Court from continuing such infringement.

28.     The damage caused by Defendants is irreparable and cannot be adequately compensated for solely in monetary damages.

## COUNT I

### Infringement of the '637 Patent

29.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-28.

30.     Defendants have been and are now infringing the '637 patent by making, using, offering for sale, and/ or importing in the United States, including in this District, their Hanging Exercise Products.

31.     Upon information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely the evidence will show that Defendants' act of infringement has been made with full knowledge of the '637 patent.

32.     Such acts constitute willful and deliberate infringement, entitling Plaintiff to enhanced damages and attorneys' fees.

33.     As a consequence of Defendants' infringement, Plaintiff has been irreparably damaged, to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement.

34.     Plaintiff is entitled to recover damages adequate to compensate for Defendants' acts of infringement, which in no even can be less than a reasonable royalty, as well as for lost profits.

**WHEREFORE**, Plaintiff prays for the following relief:

1. That this Court enter Judgment that the '637 patent has been infringed by Defendants (35 U.S.C. § 271(a)) and that such infringement has been willful;

2. That this Court issue an injunction, permanently enjoining Defendants and their officers, agents, subsidiaries, successors, employees, representatives, and assigns from further patent infringement (35 U.S.C. § 283);

3. That this Court award damages to Plaintiff adequate to compensate Plaintiff for all acts of infringement by Defendants (U.S.C. § 284) including for lost profits (U.S.C. § 289);

4. Order that the damages award be increased in an amount up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

5. That this Court award damages in the amount of Defendants' total profits realized for the infringing products (35 U.S.C. § 289);

6. That the damages awarded be increased up to three times as provided for in 35 U.S.C. § 284 concerning patent infringement;

7. That Plaintiff be awarded their attorneys' fees under 35 U.S.C. § 285;

8. That Plaintiff be granted pre-judgment interest pursuant to 35 U.S.C. § 284 and post-judgment interest pursuant to 28 U.S.C. § 1961 continuing thereafter until such judgment is paid, on the damages caused by reason of the acts of Defendants as set forth above;

9. That Plaintiff be granted an award of increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court, for Defendants' willful and wanton acts of infringement, pursuant to 35 U.S.C. § 284;

10. That the Court order Defendants to deliver to Plaintiff all infringing Hanging Exercise Products and their packaging for destruction;

11.     The the Court order Defendants to identify the manufacturer(s) of its infringing Hanging Exercise Products including their location and location of any molds or other tooling employed in manufacturing the Hanging Exercise Products and creating their packaging; and,

12.     That this Court grant Plaintiff such other and further relief as it may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated  March 27, 2023
Queens, New York

                                                Respectfully submitted.

                                                */s/ Jiyuan Zhang*

                                                _____
                                                Jiyuan Zhang, Esq
                                                J. Zhang and Associates, P.C,
                                                136-20 38th Avenue, # 11G,
                                                Flushing, NY 11354
                                                607-948-3339
                                                contact@jzhanglaws.com