

One Barker Avenue
White Plains, New York 10601
T   914.821.1686
isackson@leasonellis.com

**Robert M. Isackson**
PARTNER

April 14, 2023

**VIA ECF**

Honorable Jennifer L. Rochon, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Courtroom 20B
New York, New York 10007

***Re:  Jiangsu Huari Webbing Leather Co., Ltd. v. Joes Identified in Schedule A,** No. 1:23-cv-02605-JLR*

Dear Judge Rochon,

We are counsel for Hyponix Brands Ltd., operating as Hyponix Sporting Goods, 9317 188 St, Surrey BC V4N 3V1, Canada ("Hyponix"), whom we suspect, but have not been able to confirm, is a named defendant in the above-referenced action.  If Hyponix is not properly a named defendant, please forgive our intrusion and kindly disregard this letter brief.

If a named defendant, Hyponix respectfully opposes Plaintiff's EX PARTE LETTER MOTION to Continue and extension of TRO filed on April 13, 2023 (Dkt. 13), requests that the hearing scheduled for April 17, 2023 at 4 pm go forward in-person in Courtroom 20B so that we may present Hyponix's commercial product that we believe to be at issue in this case and show why it does not infringe the asserted U.S. Patent 11,478,673 (the "'673 patent"), Plaintiff cannot meet its burdens and the ex parte Temporary Restraining Order ("TRO") (Dkt. 12) (under seal) should be vacated as to Hyponix's product.

Although neither Hyponix nor its counsel has been able to see the Court records filed under seal, the grounds for Hyponix's opposition are as follows:

1.  In November 2022, Hyponix began selling through its website www.hyponix.net and online retailers its obstacle course ninja warrior kit product, specifically Amazon product ASIN B08XWH4YLV (Hyponix's "Product").

2. On April 12, 2023, Hyponix received a notice from Amazon blocking its sales of Hyponix's Product and freezing Hyponix's Amazon account purportedly "in accordance with a Temporary Restraining Order issued by a federal court" (the "Notice", Exhibit A).  The Notice provided a civil action number, but did not identify the court, the parties or the IP rights involved.  It referred Hyponix to the "rights owner" Jiangsu Huari Webbing Leather Co., Ltd. ("Plaintiff"), and provided Plaintiff's counsel Zhang's contact information.

# LEASON ELLIS

**Honorable Jennifer L. Rochon, U.S.D.J.**
April 14, 2023
Page 2

3. On April 12, 2023, Hyponix retained counsel who could not find any U.S. federal court IP litigation naming Hyponix as a party, but could find this action, filed under seal..

4. On April 13, 2023, at about 1230 pm EDT, California counsel for Hyponix sent a letter via email to Plaintiff's counsel Zhang (the "Letter," Exhibit B).  Hyponix's Letter requested clarification whether Hyponix was a defendant to this case, explaining that other than Amazon's Notice, Hyponix had not received via email or otherwise any notice or other information about this action or claims against Hyponix.  It also provided a link to video of the Hyponix Product that has been on sale since November 2022, at: https://www.amazon.com/vdp/0a2a4daeb4c34e238547ab660c743bfc?product=B0BGDQF46S&ref=cm_sw_em_r_ib_dt_L2gvVVJHr1gRn, and explained that the Hyponix Product does not have at least four elements required by claim 1 of the '673 patent and therefore could not possibly infringe.  The missing claim elements are (bracketed numbers correspond to '673 Patent FIG. 3 below):
    a. A rectangular shaped buckle [3];
    b. A rectangular buckle [3] having "one integral piece" including (i) "a pair of horizontal members," (ii) "a pair of vertical members," and (iii) a "partition element" [6].
    c. One cannot "pass one end" of a flat strap through a "first connection area" [7] of a rectangular buckle because there is no such defined connection area.
    d. Nor can one pass that same one end of a flat strap over the partition element [6], and then through a second connection area [8], because there are no such structures.



FIG. 3

Hyponix also provided screen shots of the video showing how the Hyponix Product couples to the strap in a substantially different way using a substantially different two component system, (i) a carabiner, and (ii) an M shaped structure, which are neither integral or even coupled together, nor are threaded by the strap.

# LEASON ELLIS

**Honorable Jennifer L. Rochon, U.S.D.J.**

April 14, 2023

Page 3



As the video and center top image clearly show, the M-shaped structure slides onto the strap from its side (not by a threading of the strap end through it), and the carabiner clips around the strap in the middle of the "M." Hence, as seen most clearly in the lower right image (which was not included in the Letter), the Hyponix Product is a two-piece structure that is not integral, and not a rectangular buckle and thus does not infringe any claim of '673 patent.

5. Having explained that the Amazon takedown and account freeze was wrongful and economically harmful to Hyponix, the Letter requests Plaintiff either to confirm that it will instruct Amazon to reinstate Hyponix's Product for sale, unfreeze the Hyponix account, and dismiss this action (and as needed move to lift the TRO) as to Hyponix's Product, or provide service copies of all papers filed under seal.

6. Plaintiff's counsel Zhang acknowledged receipt of the April 13, 2023 letter within a hour or so of receiving it, but has not otherwise responded or provided any further information.

For at least the foregoing reasons, Hyponix respectfully opposes any delay of the April 17, 2023 hearing, and seeks an opportunity to demonstrate in person that Plaintiff is NOT likely to prevail on the merits of any infringement claim against Hyponix's Product, and to vacate TRO so that Hyponix may immediately resume its lawful Product sales through all sales channels, including Amazon, and for such other relief the Court may deem just and proper.

Respectfully submitted,

Robert M. Isackson

cc: Counsel of Record via ECF