

One Barker Avenue
White Plains, New York 10601

T   914.821.1686

isackson@leasonellis.com

**Robert M. Isackson**
PARTNER

April 14, 2023

**VIA ECF**

Honorable Jennifer L. Rochon, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Courtroom 20B
New York, New York 10007

*Re:  Jiangsu Huari Webbing Leather Co., Ltd. v. Joes Identified in Schedule A,* No. 1:23-cv-02605-JLR

Dear Judge Rochon,

We represent Defendant Hyponix Brands, Ltd. in this case and in view of Plaintiff's attempted Rule 41 dismissal of this action (Dkt. 16) and reply letter (Dkt. 17)[1] respectfully move for emergency and extraordinary relief to be heard at the hearing scheduled for Monday April 17 at 4 pm in this case, on the following motions Hyponix intends to bring before the Court:

First, for an Order vacating the TRO as to Hyponix and instructing Plaintiff to immediately provide a copy of such Order to each person to whom Plaintiff previously provided a copy of the TRO (Dkt. 12, sealed) or notice thereof, including but not limited to Amazon.com, eBay.com, Wayfair.com, Walmart.com and Alibaba.com (all hereinafter, collectively referred as "Platforms") by email and by overnight FedEx mail, and instructing each such Platform and any other person who was provided Notice of the TRO (Dkt. 12) to permit Hyponix to resume and continue sales of its Product and to unfreeze any Hyponix account to permit financial transactions, which relief is necessary because Plaintiff's misguiding filing of such infringement claim has victimized, prejudiced and damaged Hyponix.

Second, for an Order converting the dismissal to one with prejudice as to Hyponix, to prevent Plaintiff from reversing course and later seek to sue Hyponix again for the same claim.  Although Hyponix has not answered the Complaint (or the Amended Complaint), it has been subjected to this Court's authority and jurisdiction by virtue of the TRO., warranting the Court's exercise of its discretion to afford Hyponix the requested relief.  Hyponix further respectfully submits that its submission this morning (Dkt. 15) precludes Plaintiff's attempted Rule 41 dismissal under Fed.R.Civ.P. 41((a)(1)(A)(i), as it effectively presents a motion by Hyponix for summary judgment on the merits of non-infringement based on the undisputed facts presented therein.  Hence,

---

[1] It appears that Plaintiff's attempted dismissal was of the entire action, hence all defendants, not just Plaintiff's claims against Hyponix.

Hyponix retains standing to pursue and the Court retains jurisdiction to grant, the relief requested herein.

Third, for an Order declaring this case exceptional under 35 U.S.C. § 285 and awarding Hyponix, as a prevailing party, its reasonable fees and costs, and sanctions and such other relief under 28 U.S.C.§ 1927 and the Court's inherent powers as the Court in its discretion deems appropriate. Such extraordinary relief is appropriate because Plaintiff and its counsel clearly failed to perform an adequate pre-suit investigation as to whether Hyponix's accused Product infringes the asserted patent. In this regard, in response to Hyponix's counsel's April 12, 2023 Letter (*see* Dkt. 15, Exhibit B), Plaintiff provided Hyponix's counsel with a copy of Exhibit D063 (attached, previously filed under seal) (but no other Court record filed under seal), which we understand is an exhibit to the Complaint (Dkt. 1). On its face Exhibit D063 reveals a copy of certain website pages of product but absolutely no analysis provided of Hyponix's accused product relative to the required elements of the claims of the asserted patent. Nor does the Complaint (Dkt. 1) provide any discussion of the Hyponix Product. Hyponix remains unaware of the content of the Amended Complaint (Dkt. 8, filed under seal). As such, Plaintiff abjectly failed to present any evidence to support an infringement claim, and the uncontroverted evidence of record is that there is no infringement and never was a plausible, let alone colorable, basis for the infringement claim asserted against Hyponix. Just an unfounded "assumption" according to Counsel's public briefing (Dkt. 6 at 18 ("Upon information and belief, the other Defendants have substantially similar products"). Hyponix should be awarded its attorney fees and expenses and costs, and suitable sanctions.

For the foregoing reasons, Hyponix respectfully moves to be heard on the above matters, particularly with respect to the TRO, at the hearing currently scheduled for April 17, 2023, at 4 pm, preferably in person at 500 Pearl Street, as previously requested in our letter brief to Your Honor of this morning. (Dkt. 15), or as soon as the Court is available.

Respectfully submitted,

Robert M. Isackson

cc: Counsel of Record via ECF

The motion to appear at the **April 17, 2023** Conference at **4:00PM** is GRANTED.

SO ORDERED

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

Dated: April 14, 2023
New York, New York