# EXHIBIT A



**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/826,225 | 03/21/2020 | Zhaogen LIU | 20207YWX | 1065 |

| | | |
|---|---|---|
| 93229         7590         12/07/2021 | | |
| Treasure IP Group | | |
| 106 Oakland Pl | | |
| Los Gatos, CA 95032 | | |

| EXAMINER |
|---|
| LETTERMAN, CATRINA A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3784 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 12/07/2021 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

cye@treasure-ip.com
cyq9322@gmail.com

PTOL-90A (Rev. 04/07)

| Office Action Summary | Application No. 16/826,225 | Applicant(s) LIU, Zhaogen | |
|---|---|---|---|
| | Examiner Catrina A Letterman | Art Unit 3784 | AIA (FITF) Status Yes |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

    A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on <u>12 August 2021</u>.
    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☑ This action is **FINAL.**    2b) ☐ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) <u>1-8</u> is/are pending in the application.
    5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☑ Claim(s) <u>1-8</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☑ The drawing(s) filed on <u>12 August 2021</u> is/are: a) ☐ accepted or b) ☑ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☑ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
        a) ☑ All    b) ☐ Some**    c) ☐ None of the:
        1. ☑ Certified copies of the priority documents have been received.
        2. ☐ Certified copies of the priority documents have been received in Application No. _____.
        3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date _____.
4) ☐ Other: _____.

Application/Control Number: 16/826,225  Page 2
Art Unit: 3784

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Priority*

Acknowledgement is made of applicant's claim for foreign priority under 35 U.S.C. 119(a)-(d) to CN201920369950X filed 22 March 2019. Receipt is acknowledged of certified copies of papers required by 37 CFR 1.55.

### *Response to Amendment*

Replacement drawing sheets for Figures 1-17 were received on 12 August 2021 and have been approved by the Office. The drawing objections have been obviated in view of the amended drawings filed on 12 August 2021, except with regards to the hook in claim 8 and the reference characters 2-6. See below.

The specification objections have been obviated in view of Applicant's amendments filed 12 August 2021.

The claim objections have been obviated in view of Applicant's amendments filed 12 August 2021, except with regards to objections of claims 1-4. See below.

The rejections of claim 1-8 under 35 U.S.C. 112(b) have been obviated in view of Applicant's amendments filed 12 August 2021 and have been withdrawn.

Claims 1-8 are still pending. An action on the merits follows.

Application/Control Number: 16/826,225                                                                                      Page 3
Art Unit: 3784

## *Drawings*

The drawings are objected to under 37 CFR 1.83(a). The drawings must show every feature of the invention specified in the claims. Therefore, the following must be shown or the feature(s) canceled from the claim(s):

- "wherein said connecting member is ... a hook" in *claim 8*. No hooks are shown in the drawings.

No new matter should be entered.

Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. The figure or figure number of an amended drawing should not be labeled as "amended." If a drawing figure is to be canceled, the appropriate figure must be removed from the replacement sheet, and where necessary, the remaining figures must be renumbered and appropriate changes made to the brief description of the several views of the drawings for consistency. Additional replacement sheets may be necessary to show the renumbering of the remaining figures. Each drawing sheet submitted after the filing date of an application must be labeled in the top margin as either "Replacement Sheet" or "New Sheet" pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner, the applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.

The drawings are objected to as failing to comply with 37 CFR 1.84(p)(4) because reference characters "2, 3, 4, 5, and 6" have been used to designate references in both the prior

art (Fig. 1) and the instant invention (Figs. 2-17). Applicant is recommended to renumber the prior art to have different reference numbers. This will highlight the difference between the prior art and Applicant's invention. For example:

- Reference character "**2**" has been used to designate a tightening mounting member in Fig. 1 and a buckle position in Figs. 2-17.

- Reference character "**3**" has been used to designate a mounting position in Fig. 1 and a buckle in Figs. 3-17.

- Reference character "**4**" has been used to designate a flat strap connected directly to the sling body in Fig. 1 and a flat strap connected in a loop to itself in Figs. 2-17.

- Reference character "**5**" has been used to designate a connecting piece in Fig. 1 and a part of the buckle in Figs. 3-17.

- Reference character "**6**" has been used to designate a ring in Fig. 1 and a part of the buckle in Figs. 2-17.

Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. Each drawing sheet submitted after the filing date of an application must be labeled in the top margin as either "Replacement Sheet" or "New Sheet" pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner, the applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.

## Claim Objections

Claims 1-4 are objected to because of the following informalities:

- Claim 1, line 2, "a connection member" should read --a connecting member--

- Claim 1, line 10, "mouth piece element" should read --mouthpiece element--

- Claim 1, line 12, "followed by," should read --then--

- Claim 1, line 13, "through the partition element" should read --over the partition element--

- Claim 2, line 3, "mounting member, one end" should read --mounting members, one end--

- Claim 2, lines 5-6, "the partition element the first mounting member" should read --the partition element of the first mounting member--

- Claim 2, line 6, "the second connection area" should read --the second connection area of the first mounting member--

- Claim 3, line 2, "the both ends" should read --both ends--

- Claim 4, line 2, "said obstacle connected" should read --said obstacle is connected--

Appropriate correction is required.


## Claim Rejections - 35 USC § 102

In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory basis for the rejection will not be considered a new ground of rejection if the prior art relied upon, and the rationale supporting the rejection, would be the same under either status.

Application/Control Number: 16/826,225  Page 6
Art Unit: 3784

The following is a quotation of the appropriate paragraphs of pre-AIA 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

*Claims 1-8 are rejected under 35 U.S.C. 102(a)(1) as being anticipated by SportsTrail Store (NPL, hereinafter SportsTrail).*

Regarding *claim 1*, SportsTrail teaches **a walking flat belt having hanging exercise means, comprising a mounting member, sling body, an obstacle, a connection member; wherein the mounting member comprises a "日" shaped buckle and a flat strap to receive the "日" shaped buckle; the "日" shaped buckle includes a mouthpiece element and a partition element; the partition element is located in the mouthpiece element; two ends of the partition element are connected with the mouthpiece element to form one integral piece; the partition element divides an area enclosed by the mouth piece element to a first connection area and second connection area; one end of the flat strap passes through the first connection area, followed by, passes through the partition element and then passes through the second connection area, and is connected with an other end of the flat strap** (See annotated Figures below. Both the "New" vs. "Old" figures show a "日" shaped buckle).





Regarding *claim 2*, SportsTrail teaches **the walking flat belt having hanging exercise means according to claim 1, characterized in that the sling body is provided with a plurality of mounting members; for each of the mounting member, one end of the sling body passes through the first connection area of a first mounting member in a sequence, and is wound around the partition element the first mounting member and then passes through the second connection area** (Figure below shows a plurality of mounting members provided on the flat belt.).



Regarding *claim 3*, SportsTrail teaches **the walking flat belt having hanging exercise means according to claim 1, characterized in that the both ends of the flat strap are connected by a sewn connection, rivet connection, or an adhesive connection** (Figure below shows the ends of the buckle belt sewn together to form a loop.).



Regarding *claim 4*, SportsTrail teaches **the walking flat belt having hanging exercise means according to claim 1, characterized in that said obstacle connected to the sling body of the walking flat belt, by the flat strap** (See Figures above.).

Regarding *claim 5*, SportsTrail teaches **the walking flat belt having hanging exercise means according to claim 1, wherein the obstacle is one or more selected from a bail, monkey bars, swing, monkey boxing, boom, ladder, climb board, and climb net** (Figure below shows monkey bars.).



Regarding *claim 6*, SportsTrail teaches **the walking flat belt having hanging exercise means according to claim 4, said connecting member is a closed ring, configured to be firmly held on the mounting member** (Figure above shows the connection member as a closed ring in as much as Applicant has shown a closed ring.).

Application/Control Number: 16/826,225 Page 11
Art Unit: 3784

Regarding *claim 7*, SportsTrail teaches **the walking flat belt having hanging exercise means according to claim 6, wherein a shape of the connecting member is any one of circular, elliptical, triangular, rectangular, and polygonal** (Figures above show the connection member having a triangular shape.).

Regarding *claim 8*, SportsTrail teaches **the walking flat belt having hanging exercise means according to claim 7, wherein said connecting member is a carabiner or a hook** (Figure below shows the connection members as carabiners.).



*Response to Arguments*

The declaration under 37 CFR 1.132 filed 12 August 2021 is insufficient to overcome the rejection of claims 1-8 based upon 35 U.S.C. 102 as set forth in the last Office action because:

1. The evidence fails to explicitly and properly show that the prior art of record is owned and produced by the Applicant or that the product listed on the Amazon listing was not available on the date first available provided on the Amazon listing. Chat history between the Applicant and the store owner was provided, but was illegible. In an interview on 22 November 2021, Applicant was requested to resubmit relevant

pieces of the chat history and Exhibits. However, the Exhibits provided did not properly show that the Applicant owned and produced the product.

   a. Exhibit I is the URL for the Amazon listing used as prior art.

   b. Exhibit II is a portion of the chat history wherein the store owner provided their address. This is not sufficient evidence to prove that Applicant owned the product.

   c. Exhibit III is the address of the store listed on Amazon. This is not sufficient evidence to prove that Applicant owned the product.

   d. Exhibit IV is a timeline produced by Applicant to show the sequence of events that took place between the store owner and the Applicant. This is not sufficient evidence to prove that Applicant owned the product or that a different product was available on the date first available listed on the Amazon listing.

   e. Exhibit V is a portion of the chat history wherein the store owner provided pictures of a different product. This is not sufficient evidence that the store owner was selling a different product on the date first available listed on the Amazon listing.

   f. Exhibit VI is a timeline produced by Applicant to show the sequence of events that took place between the store owner and the Applicant. This is not sufficient evidence to prove that Applicant owned the product or that a different product was available on the date first available listed on the Amazon listing.

    g. Exhibit VII is the annotated pictures from the Amazon listing provided in the Non-Final Rejection mailed 12 May 2021.

    h. Exhibit VIII is a letter authorizing Jiangsu Huari Webbing Leather Co. to use the SportsTrail Brand Name and trade mark. This is not sufficient evidence to prove that Applicant owned the listed product.

    i. Exhibit IX is a comparison of the listed product and pictures sent by Applicant of a similar product. This is not sufficient evident to prove that a different product was available on the date first available listed on the Amazon listing.

2. The pictures and chat history provided in Applicant's arguments are not legible and thus cannot be relied upon as sufficient evidence to prove that the earliest publication date for the relevant pictures is around Feb-March 2019 or that the product is derived from the Applicant of the present invention.

In view of the foregoing, when all of the evidence is considered, the totality of the rebuttal evidence of nonobviousness fails to outweigh the evidence of obviousness.

## Conclusion

Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the date of this final action.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Catrina A Letterman whose telephone number is (303)297-4297. The examiner can normally be reached Monday - Thursday, 8am - 4pm MT.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, LoAn Jimenez can be reached on (571) 272-4966. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

Application/Control Number: 16/826,225 Page 15
Art Unit: 3784

/C.A.L./
Examiner, Art Unit 3784

/Joshua Lee/
Primary Examiner, Art Unit 3784