UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JIANGSU HUARI WEBBING
LEATHER CO., LTD.,

      **Plaintiff,**

Case No. 23-cv-2605

v.

JOES IDENTIFIED IN
SCHEDULE "A",

      **Defendants.**

## DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Defendant #47 NINJA SAFE (hereinafter referred to as "Defendant" or "Ninja Safe") respectfully submits this Response to the Order to Show Cause Why a Preliminary Injunction Order ("PIO") Should Not Issue (Dkt. No. 12) and further requests that the *ex parte* temporary injunction be vacated as to Defendant for failure to provide any notice.

## INTRODUCTION

Plaintiff filed, *ex parte,* a complaint and an amended complaint, for patent infringement on March 28 and 29, 2023 (Dkt. Nos. 1 and 8). The patent infringement asserted by Plaintiff is for "similar products to the walking flat belt having hanging exercise means (hereinafter, "Hanging Exercise Products")." Dkt. No. 1, paragraph 1. This patent was obtained in October 25, 2022. See paragraph 14 of Dkt. No. 1.

Thereafter, Plaintiff, obtained a temporary restraining order ("TRO") *ex* parte on or about April 4, 2023 (Dkt. No. 12). Now Plaintiff seeks to continue the restraints placed on Defendant by seeking a preliminary injunction, currently set for hearing on April 17, 2023. A preliminary

injunction order ("PIO") against Defendant should not be granted for a multitude of reasons. First, Plaintiff is unlikely to succeed on the merits as Plaintiff's Patent is not being infringed herein. Plaintiff is also unlikely to succeed on the merits as Plaintiff's Patent is likely invalid in view of prior designs in the public. Further, Defendant has been selling their products long before the patent was issued, since December, 2020, and see the complete analysis attached hereto confirming no infringement which has been previously provided to Plaintiff's counsel.

Plaintiff's request for a PIO should also be rejected because they have not and cannot show irreparable harm. As long established by the *Supreme Court in eBay, Inc. v. Mercexchange, LLC*, 547 U.S. 388 (2006), there can be no presumption of irreparable harm in a case such as this one. Plaintiff's allegation of irreparable harm was solely supported by attorney arguments with no factual data support. As a result, the Temporary Restraining Order ("TRO") was entered without a sufficient showing of irreparable harm. For that reason alone, Plaintiffs' request for a PIO should be rejected. Furthermore, neither the balance of hardship nor the public interest weighs in favor of granting a PIO. As discussed in more details below, Defendants will suffer greater harm if a PIO is granted than Plaintiff will if it is denied. The public will be harmed if Plaintiff may obtain an unjustifiable litigation advantage from its invalid patent assertions herein.

In the alternative, if the Court were to grant a PIO, bond should be ordered or if same has already been ordered, it should be modified so that Plaintiff has to post a bond of at least $1,000,000[1]. Due to the restrictions on Defendant's Amazon account and the high costs and damages to Defendant that could result from the injunction, it is necessary to increase the bond amount.

Defendant in this case is an online store that sells consumer goods through Amazon.com

---

[1] The undersigned cannot determine if a bond has been posted from the docket entries and the TRO order cannot be viewed as all pleadings remain sealed.

and is based in the United States and has been operating its impeccably rated store since 2020. Defendant has been selling the alleged infringing items since December, 2020, long before the October 25, 2022 patent was obtained by Plaintiff. See Declaration of Nir Weiner "Decl." at ¶4. Defendant is not infringing and selling Plaintiff's Hanging Exercise Products, but rather its own product which is dissimilar to Plaintiff's Hanging Exercise Products in many aspects.

Further, Defendant has not received any notice of any hearings, other than the April 11th notice from Amazon, not Plaintiff, that its account is frozen and its listing removed. Decl. at ¶2. As a result of the TRO in this action, $33,000.00 currently remains restrained from Defendant's store accounts. Decl. at ¶ 5. This restriction has caused severe impediments on Defendant who remains prohibited from withdrawing any funds from the restrained accounts. Decl. ¶ 5. The restrained accounts include money from sales of goods for the entire store, and as such, cannot be used to pay for Defendant's customers and employees as needed. *Id*. Should the Court decide to enter a PIO, Defendant will suffer even greater harm. As detailed below, the Court should not issue a PIO against Defendant.

## ARGUMENT

### A. The TRO Needs to be Vacated

As a threshold matter, the Injunction must be dissolved because Plaintiff obtained it without notice and opportunity for a hearing for Defendant. It is well-settled that "a court may not issue a preliminary injunction without advance notice to the adverse party." *Wheeler v. Talbot,* 770 F.3d 550, 552 (7th Cir. 2014) (citing Fed. R. Civ. P. 65(a)(1)); see also *Medeco Sec. Locks, Inc. v. Swiderek,* 680 F.2d 37, 38 (7th Cir. 1981) ("Rule 65 provides that no preliminary injunction shall be issued without notice to the adverse party. Notice implies the opportunity to be heard. Hearing requires trial on the issue or issues of fact. Trial on the issue of fact necessitates

opportunity to present evidence and not by only one side of the controversy.") This reason alone is sufficient to warrant a dissolution of the injunction as Defendant did not receive any prior notice of the hearing set for the motion to enter a temporary injunction.

**B. Plaintiff Fails to Meet the Burden of a Preliminary Injunction**

A party seeking the "extraordinary relief" of a preliminary injunction must "establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Takeda Pharms. U.S.A., Inc. v. Mylan Pharms. Inc.*, 967 F.3d 1339, 1345, 1349 (Fed. Cir. 2020). Especially in this Circuit, before issuing an injunction, a court must consider "the balance of hardships between the plaintiff and defendant and issue the injunction only if the balance of hardships tips in the plaintiff's favor." *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010). "Finally, the court must ensure that the public interest would not be disserved by the issuance of a preliminary injunction." *Id.* (quotation omitted).

**C. The PIO Should Be Denied Because Plaintiff Has Not Shown Irreparable Harm**

A showing of irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *NYP Holdings v. New York Post Pub. Inc.*, 63 F. Supp. 3d 328, 335 (S.D.N.Y. 2014). A patentee seeking a preliminary injunction must demonstrate that irreparable injury is likely in the absence of an injunction. *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020). "Irreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Id.* A patentee must also show "that a sufficiently strong causal nexus relates the alleged harm to the alleged infringement." *Bio-Rad Lab'ys, Inc. v. 10X Genomics Inc.,* 967 F.3d 1353, 1378 (Fed. Cir. 2020) (internal quotation marks omitted).

Here, unsupported, speculative, self-serving attorney arguments fall far short of demonstrating irreparable harm as required by the clear precedent. Plaintiff has failed to submit evidence to show a single lost sale, let alone meet the standard for proving irreparable harm. Plaintiff offers no evidence of irreparable harm other than conclusory attorney statements. It has failed to prove irreparable harm, and for this reason alone, it's request for PIO should be rejected.

**D. A PIO Should not Be Granted Because Plaintiff is Unlikely to Succeed on The Merits**

Federal Circuit law governs whether a patentee has shown a likelihood of success on the merits. *BlephEx, LLC v. Myco Indus., Inc*., 24 F.4th 1391, 1400 (Fed. Cir. 2022). A movant cannot be granted a preliminary injunction unless it establishes both likelihood of success on the merits and irreparable harm. *PHG Techs., LLC v. St. John Co., Inc.*, 469 F.3d 1361, 1365 (Fed. Cir. 2006) (internal quotation marks omitted). "A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103. For design patents, the ultimate inquiry for obviousness "is whether the claimed design would have been obvious to a designer of ordinary skill who designs articles of the type involved." *Titan Tire Corp. v. Case New Holland, Inc*., 566 F.3d 1372, 1380-81 (Fed. Cir. 2009) (quoting *Durling v. Spectrum Furniture Co*., 101 F.3d 100, 103 (Fed. Cir. 1996)). "Obviousness is a question of law based on underlying findings of fact." *In re Kubin,* 561 F.3d 1351, 1355 (Fed. Cir. 2009). In reaching this conclusion, the court must avoid "hindsight bias and must be cautious of arguments reliant upon ex post reasoning." *KSR Int'l Co. v. Teleflex Inc*., 550 U.S. 398, 421 (2007). One underlying factual issue is whether a prior art design qualifies as a "primary

reference." *High Point Design LLC v. Buyers Direct, Inc.,* 730 F.3d 1301, 1311 (Fed. Cir. 2013). A primary reference is a single reference that creates basically the same visual impression as the claimed design. *Id.* at 730 F.3d at 1312 (cleaned up). Slight differences in design do not necessarily preclude a basically the same finding. *MRC Innovations, Inc. v. Hunter Mfg., LLP*, 747 F.3d 1326, 1333 (Fed. Cir. 2014). A patent can be obvious in light of a single prior art reference if it would have been obvious to modify that reference to arrive at the patented invention. See, e.g., *Takeda Chem. Indus., Ltd. v. Alphapharm Pty, Ltd.*, 492 F.3d 1350, 1357 (Fed. Cir. 2007); *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.,* 225 F.3d 1349, 1356 (Fed. Cir. 2000). In this case, it is undisputable that prior art renders Plaintiff's design patent obvious, and therefore, invalid under 35 U.S.C. § 103.

E. **The Balance of Hardships Weighs in Favor of Denying a PIO**

The grant of a preliminary injunction in a design patent case often results in the defendants having to remove a product from the market, or at least drastically modify it, pending trial. Furthermore, given the extended duration of many design patent cases, the defendants may face months or even years before the product can be reintroduced. As a result, the hardship on the defendants can be drastic. In *Illinois Tool Works v. Grip-Pak, Inc*., 906 F.2d 679 (Fed. Cir. 1990), the Federal Circuit considered opposing hardships and explained: the hardship on a preliminarily enjoined manufacturer who must withdraw its product from the market before trial can be devastating. On the other hand, the hardship on a patentee denied an injunction after showing a strong likelihood of success on validity and infringement consists in a frequently and equally serious delay in the exercise of his limited-in-time property right to exclude. Neither hardship can be controlling in all cases. Because the court must balance the hardships, at least in part in light of its estimate of what is likely to happen at trial, it must consider the movant's showing of likelihood

of success. Yet, a court must remain free to deny a preliminary injunction, whatever be the showing of likelihood of success, when equity in the light of all the factors so requires. *Illinois Tool*, 906 F.2d at 683. Courts facing the prospect of such dire consequences to one party or the other therefore must engage in a sensitive analysis based on the unique facts of each case. The relative strength of the parties' showings on the merits influences the outcome. Where the patent holder's evidence is especially weak—as is the case here—the showing on balance of hardships and/or public interest must be more compelling. *Id.* Considering all facts in this case, it is clear that Plaintiff does not urgently need injunctive relief to protect it from harm. Plaintiff offered no evidence other than boilerplate attorney statements about a few Defendants and then alleged the remaining 'Defendants sell Hanging Exercise Products that are substantially similar in structure to the products analyzed in these claim charts."

### F. Alternatively, Bond Should Be Ordered and/or Increased

Although Defendant strenuously maintains that the PIO should be rejected, if the Court disagrees, Defendant submits that a bond should be ordered, if not done so already, or the bond should be modified to require a sufficient bond.[2] Before a court may issue a preliminary injunction, Federal Rule of Civil Procedure 65(c) requires that the "movant give security in an amount that the court considers proper to pay the costs and damages sustained by any party . . . wrongfully enjoined." Fed. R. Civ. P. 65(c). Courts have wide discretion under Rule 65(c) when determining the amount of the security. *Doctor's Assocs., Inc. v. Distajo,* 107 F.3d 126, 136 (2d Cir. 1997). The amount of the bond is generally "the limit that a wrongfully restrained party may recover." *Johnson Controls, Inc. v. A.P.T. Critical Sys.*, 323 F. Supp. 2d 525, 541 (S.D.N.Y. 2004). Accordingly, in determining the bond amount, courts attempt to "limit the possibility that a restrained party that is

---

[2] As previously stated, the file is sealed and thus Defendant is unable to determine if a bond was ordered or entered or the amount and thus sets forth this argument in an abundance of caution.

ultimately successful on the merits is not able to obtain adequate relief." *Id.*

## **CONCLUSION**

As shown in the above arguments and declaration, Plaintiff is unlikely to succeed on the merits in this case. Plaintiff has not shown that they will suffer irreparable harm if the request for PIO is rejected. Further, the balance of hardship weighs against maintaining an injunction and public interest would not be served by an injunction. Plaintiff's *ex parte* application for a TRO and the hearing on same was done without any notice to the Defendant and should be vacated. Plaintiff's request for a PIO should be rejected as well. Defendant respectfully requests this Court issue an order directing Plaintiff to immediately notify Amazon of the expiration of the TRO and release Defendant's accounts from any further restrictions and for any and all further relief as this Court deems just and proper.

Dated: April 17, 2023.

By: /s/Cory Rosenbaum
Cory J. Rosenbaum
Rosenbaum, & Segall, P.C.
780 Long Beach Blvd.
Long Beach, New York 11561
212.321.5080
cjr@Amazonsellerslawyer.com

# Exhibit A



780 Long Beach Blvd., Long Beach, NY 11561
**Phone:** 212-256-8499
**Skype/ WeChat:** AmazonSellersLawyer
www.AmazonSellersLawyer.com

April 14th, 2023

Re:     Infringement Allegations – US Patent No. US11478673

We have reviewed products associated with ASIN: B08GV5R3QF and we are writing to share our analysis regarding the infringement allegations made by Jiangsu Huari Webbing) Leather Co., Ltd.  US Patent No. US11478673 (the '673 patent). After careful consideration, we have determined that the accused product does not infringe on the patent. Our analysis and the reasons for non-infringement are provided below.

## Accused Products Do Not Infringe US Patent No. US11478673:

The '673 patent provides a walking flat belt with a hanging exercise means that uses a buckle flat belt to form a plurality of installation positions on the flat belt body. The accused product under review is the Ninjasafe, which provides a different design and functionality compared to the patented product.

"To prove literal infringement, the patentee must show that the accused device contains every limitation in the asserted claims. If even one limitation is missing or not met as claimed, there is no literal infringement." *Mas–Hamilton Group v. LaGard, Inc.,* 156 F.3d 1206, 1211 (Fed. Cir. 1998) (emphasis). Thus, for Ninjasafe. to infringe independent Claim 1, of the '673 Patent, it must include every element of each limitation claimed. The following analysis considers Claim '673 Patent:

*The invention claimed is:*
*1. A walking flat belt, comprising a mounting member, a sling body, a hanging obstacle, and a connecting member; wherein*
   *the mounting member is mounted to the sling body and comprises a rectangular shaped buckle and a flat strap to receive the rectangular shaped buckle;*
   *the rectangular shaped buckle, including*
   *a mouthpiece element, made of a pair of horizontal members and a pair of vertical members and a partition element, located in the mouthpiece element; wherein*
   *two ends of the partition element are connected with the vertical members of the mouthpiece element to form one integral piece;*
   *the partition element divides an area enclosed by the mouthpiece element to a first connection area and second connection area;*
   *wherein one end of the flat strap passes through the first connection area, then passes over the partition element and then passes through the second connection area, and is connected with an other end of the flat strap.*

US11478673



780 Long Beach Blvd., Long Beach, NY 11561
**Phone:** 212-256-8499
**Skype/ WeChat:** AmazonSellersLawyer
www.AmazonSellersLawyer.com



"Sling Body"

"Connecting member"

"Hanging Obstacles"

*Wherein one end of the flat strap passes through the first connection area, then passes over the partition element and then passes through the second connection area, and is connected with an other end of the flat strap.*

NinjaSafe Product
https://ninjasafe.co/products/ninja-obstacle-course



Rosenbaum & Segall, P.C.
AmazonSellersLawyer.com

780 Long Beach Blvd., Long Beach, NY 11561
**Phone:** 212-256-8499
**Skype/ WeChat:** AmazonSellersLawyer
www.AmazonSellersLawyer.com

The accused product does not meet all the limitations of claim 1 of the '673 Patent.
- The accused product does not include a sling body.
- The accused product does not include one end of the flat strap passes through the first connection area, then passes over the partition element and then passes through the second connection area, and is connected with an other end of the flat strap.

| Comparison of the Ninjasafe (D047) Product Against Claim 1 of US Patent No. 11,478,673 ||
|---|---|
| **Element of Claim 1 of US Patent No. 11,478,673** | **Defendant's Product** |



*No Sling Body*

*No flat strap passes through the first connection area, then passes over the partition element and then passes through the second connection area, **and is connected with an other end of the flat strap.***

*Connecting member not accompanied by a sling body.*



780 Long Beach Blvd., Long Beach, NY 11561
**Phone:** 212-256-8499
**Skype/ WeChat:** AmazonSellersLawyer
www.AmazonSellersLawyer.com

| | |
|---|---|
| a sling body,<br><br>**NO MATCH** |  |
| wherein one end of the flat strap passes through the first connection area, then passes over the partition element and then passes through the second connection area, and is connected with an other end of the flat strap.<br><br>**NO MATCH** |  |

### Conclusion / Suggested Action:

Based on the foregoing analysis, we conclude that the accused product does not infringe US Patent No. US11478673. We recommend that the patent owner review our analysis and take appropriate action based on our findings.