## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIANGSU HUARI WEBBING LEATHER CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> JOES IDENTIFIED IN SCHEDULE A, <br><br> Defendant. | Case No. 1:23-cv-02605-JLR |

## HYPONIX BRANDS LTD.'S REPLY IN SUPPORT OF MOTION FOR BOND DAMAGES, SANCTIONS, AND ATTORNEY FEES

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 3

    A. Plaintiff Misconstrues Hyponix's Request for Dismissal With Prejudice. ...................... 3

    B. With a Sanction of Dismissal With Prejudice, Hyponix Will Be a Prevailing Party Eligible to Receive Fees and Costs Pursuant to 35 U.S.C. § 285. .................................... 5

    C. Plaintiff Fails to Specifically Discount its Repeated Instances of Litigation Misconduct and Bad Faith Intent. ......................................................................................................... 5

    D. The Court Has the Authority to Increase the Bond ............................................................ 8

    E. The Principles of Estoppel and Waiver are Inapplicable ................................................... 9

    F. Hyponix Was Wrongfully Enjoined .................................................................................. 10

III. CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Agiwal v. Mid Island Mortg. Corp.*,
   555 F.3d 298 (2d Cir. 2009) .................................................................................................. 4

*Au New Haven, LLC v. YKK Corp.*,
   Civ. No. 15-3411 (GHW), 2023 WL 2612204 (S.D.N.Y. Mar. 23, 2023) ............................... 5

*Bolivar v. Pocklington*,
   975 F.2d 28 (1st Cir. 1992) .................................................................................................... 5

*Ke v. J.R. Sushi 2 Inc.*,
   Civ. No. 19-7332 (PAE) (BCM), 2022 WL 1496576 (S.D.N.Y. Feb. 7, 2022) ....................... 4

*Lugosch v. Pyramid CO. of Onondaga*,
   435 F.3d 110 (2d Cir. 2006) ................................................................................................... 2

**Statutes**

28 U.S.C. § 1927 ............................................................................................................... 4, 5

35 U.S.C. § 285 ................................................................................................................. 4, 5

**Rules**

Fed. R. Civ. P. 1 ....................................................................................................................... 1

Fed. R. Civ. P. 11 ................................................................................................................. 4, 5

Fed. R. Civ. P. 15 ....................................................................................................................... 7

Fed. R. Civ. P. 37 ....................................................................................................................... 4

Fed. R. Civ. P. 41(a) .................................................................................................................. 1

Fed. R. Civ. P. 5.2 ...................................................................................................................... 2

Hon. Rochon's Individual Rules of Practice in Civil Case 4.B ................................................... 2

Hyponix Brands, Ltd. ("Hyponix") respectfully submits this Reply in support of its Motion for Bond Damages, Sanctions, and Attorney Fees (Dkts. 49-50) (Hyponix's "Motion").

## I. INTRODUCTION

Hyponix's Motion established this Court has collateral jurisdiction to award bond damages, sanctions and attorney fees arising from Plaintiff's considerable litigation misconduct, bad faith infringement claims, failed pre-suit investigations, misuse of this Court and judicial process, and distorted notion of entitlement. Having opened the door by suing Hyponix in its "Schedule A" case,[1] Plaintiff's argument that its Rule 41(a) dismissal has closed the door to Hyponix's requested relief is unsupported, unpersuasive, without merit, and dangerous. *See* Fed. R. Civ. P. 1.

Plaintiff's Opposition (Dkt. 62) largely consists of incorrect, irrelevant, conclusory, and/or misleading factual and legal assertions. Either Plaintiff failed to diligently digest Hyponix's Motion, as it abjectly failed in its pre-suit diligence on Hyponix, or Plaintiff is intentionally attempting to mislead the Court and distract it with irrelevancies. Regardless, Plaintiff's Opposition further supports, rather than refutes, Hyponix's contentions and requested relief.

First, the notion that others, having filed Schedule A cases, allows Plaintiff to ignore applicable legal standards is puzzling. Rather than deny or justify its misconduct, Plaintiff hides behind the age-old adage "everyone else is doing it." Ironically, having done it so wrong here, this exact point is of utmost importance. The Court should not condone Plaintiff's reckless misconduct and should enter a tailored sanction of a dismissal with prejudice, to discourage Plaintiff and others from similarly abusing the judicial process in filing improper Schedule A cases *See* Dkt. 63-63-2 (Zhang Decl. Exs. A and B). The Court also should do so to comport with

---

[1] According to Plaintiff's counsel, a "Schedule A" case is now a mechanism in which one lawsuit is brought against massive numbers of defendants, filed under seal, so the defendants do not know they have been sued until after a temporary restraining order or preliminary injunction has issued. Dkt. 63-63-2 (Zhang Decl., Exs. A and B).

Plaintiff's claim that the action has been "closed in [Hyponix's] favor," Dkt. 62 at 12, and moot Plaintiff's overt threats of reprising its unsupportable patent infringement claim.[2]

Moreover, Plaintiff should not be entitled to a reality in which it would suffer no consequences for improperly enjoining Hyponix and causing Hyponix significant financial and irreparable harm simply because it was named under seal, and then subsequently dismissed, to avoid reaching the merits. If Plaintiff wants to paint Hyponix as unreasonable for investing energy in this action because it is "conclusively closed" then it is curious as to why Plaintiff would not dismiss Hyponix with prejudice as it did for at least eight other defendants.

Plaintiff's next excuse, that its request for a seal was "submitted to maintain confidentiality and avoid any potential manipulation or destruction of evidence by the defendants," is unavailing. Dkt. 62 at 7. First, if anyone was engaging in manipulation, it was Plaintiff in requesting a seal when it was improper to do so. The information that may be sealed without court approval, such as social security numbers, names of minor children, and other sensitive identifying information, is limited. *See* Fed. R. Civ. P. 5.2 and Hon. Rochon's Individual Rules of Practice in Civil Case 4.B. Court approval is required for all other information. *See id.* The standard for requesting a seal is that the proposed redactions must be narrowly tailored to serve whatever purpose justifies the redactions and is otherwise consistent with the presumption in favor of public access to judicial documents. *See id.* (citing *Lugosch v. Pyramid CO. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Counsel's unsupported, speculative fear over "manipulation" and "destruction of evidence" does not meet the standard. Second, Plaintiff's excuse fails because the need for sealing was premised on an unavailable damage theory (recovery of ***defendants'*** profits). *See* Dkts. 6 at 19-

---

[2] *See* Decl. Liu (Dkt. 30) ¶ 11 (Plaintiff threatened "to initiate separate litigation against this defendant for patent infringement, unfair competition and other relevant bases"); Tr. 36:1-17 (Plaintiff's counsel confirming the same); Dkt. 62 (Opposition) at 29 ("Plaintiff indeed intends to initiate separate litigation. . .").

2

20, 8 at 7. Third, by freezing defendants' Amazon accounts and taking down product without notice, Plaintiff's *disrupted*, rather than preserved, the status quo pending a merits decision, given Plaintiff's admitted knowledge of defendants' accused ongoing actions since October 25, 2022.

Next, Plaintiff inexplicably dedicates several pages to belatedly detailing the ease with which it could determine Hyponix's corporate structure and Canadian and U.S. entity addresses, which only confirms its reckless and inadequate pre-suit investigation and misconduct here. It also validates the Court's concerns expressed at the April 17, 2023 hearing regarding the inadequacy of the investigation Plaintiff represented it conducted, including in connection with Plaintiff's Motion for Alternative Service of Process by Electronic Means, Tr. 63:9-13 (citing Dkt. No. 5 at 4), and confirms the Court's finding that Hyponix's Canadian address was easy to locate, *Id* 14-18. Cutting through the chaff, the Hyponix who appeared is the same Canadian company (i) known to Plaintiff's Liu as its former distributor, (ii) who received Amazon's notice that its accused product was taken down and account was frozen, (iii) who established its monetary and irreparable harm from the wrongful enjoinment, and (iv) who now seeks its bond damages, sanctions and its fees. Plaintiff does not dispute this. Whether, in hindsight, Plaintiff should have sued the Delaware entity is an irrelevant distraction.[3]

For the reasons set forth in Hyponix's Motion and this Reply, Hyponix should be awarded its bond damages, Plaintiff should be sanctioned for its litigation misconduct by making the dismissal with prejudice, and Hyponix awarded its attorney fees for an exceptional case.

II.     **ARGUMENT**

    A.     **Plaintiff Misconstrues Hyponix's Request for Dismissal With Prejudice.**

---

[3] Significantly, it would have been further litigation misconduct to have included the Delaware Hyponix entity in this Schedule A case because, as a Delaware entity with no identified regular place of business in this District, venue for patent infringement is only in Delaware, in the same way that venue in this Court is improper for at least NinjaSafe (Delaware company, Tr. 63:21-23) and Sell Below Cost (California company, Tr. 41:4-24).

Preliminarily, it is unclear to Hyponix why Plaintiff fights a sanction of a dismissal with prejudice when it (1) has dismissed at least eight defendants with prejudice, and (2) emphasized in its Opposition that this action is "conclusively closed in [Hyponix's] favor." Dkt. 62 at 12. The reluctance to dismiss Hyponix with prejudice indicates that Plaintiff will follow through on its threat to resume this litigation against Hyponix, resulting in further harassment by Plaintiff. Decl. Liu (Dkt. 30) ¶ 11; Tr. 36:1-17; Dkt. 62 at 29. Thus, the sanction requested is warranted.

First, Plaintiff misconstrues Hyponix's argument in its Motion. Nowhere does Hyponix challenge the validity or effectiveness of its ultimate dismissal. *See* Dkt. 33. Nor does Hyponix request the Court vacate the dismissal. *Rather*, Hyponix requests dismissal with prejudice as an appropriate sanction, narrowly tailored, given Plaintiff's litigation misconduct toward Hyponix.

Second, instead of addressing Hyponix's case law setting forth the Court's jurisdiction to enter sanctions and that dismissals with prejudice are appropriate sanctions, Dkt. 50 at 14-15, Plaintiff cites case law regarding the Court's jurisdiction to address the merits of claims following dismissal. Dkt. 62 at 12-15. This authority is inapposite for failing to address entering sanctions and failing to controvert Hyponix's position.

Third, Plaintiff incorrectly states that "[t]he sole legal basis on which the Defendant is relying to request the court to modify the judgment is entirely erroneous[]" urging that Hyponix "mistakenly applied Rule 37 to this case." Dkt. 62 at 14. Hyponix, however, neither cites nor relies on a violation of Rule 37 as a basis for entering sanctions against Plaintiff. *See* Dkt. 50.[4] Rather, Hyponix's authority, *e.g.*, *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009), *Ke v. J.R. Sushi 2 Inc.*, Civ. No. 19-7332 (PAE) (BCM), 2022 WL 1496576, at *14 (S.D.N.Y. Feb. 7, 2022), and *Au New Haven, LLC v. YKK Corp.*, Civ. No. 15-3411 (GHW), 2023

---

[4] Plaintiff understands this, citing Hyponix's contention that "the Court may exercise its post-dismissal authority, pursuant to the Court's inherent authority, Rule 11, 28 U.S.C. § 1927, and/or 35 U.S.C. § 285..." *Id.* at 14-15.

4

WL 2612204, at *15 (S.D.N.Y. Mar. 23, 2023), were cited for their *reasoning*, which Plaintiff fails to call into question, in granting a sanction of dismissal with prejudice, not because of a procedural posture that made an award of sanctions appropriate. *See* Dkt. 62 at 14-15. Relevant here, *Ke* cited *Bolivar v. Pocklington*, 975 F.2d 28, 31 (1st Cir. 1992) (emphasis added), which held that "even after the voluntary dismissal of plaintiff's claims by notice and without prejudice, the district court possessed the requested jurisdiction to impose sanctions under Rule 11 **and section 1927**[,]" which also is directly on point.

Regarding Plaintiff's Rule 11 argument, it is a red herring. Dkt. 62 at 17-19. Hyponix did not urge violation of Rule 11 as grounds for sanctions. Rather, Hyponix referred to Rule 11 as exemplary of the Court's inherent sanctioning power. *See e.g.*, Dkt. 50 at 9, n.5.

### B. With a Sanction of Dismissal With Prejudice, Hyponix Will Be a Prevailing Party Eligible to Receive Fees and Costs Pursuant to 35 U.S.C. § 285.

Plaintiff fails to address, and therefore does not oppose, Hyponix's argument that a sanction of a dismissal with prejudice makes Hyponix a prevailing party, entitling this Court on the present record to declare the case exceptional and award Hyponix its proven attorney fees of $72,453.[5] *See* Dkt. 62 at 16-17; Dkt. 50 19-25. Plaintiff only argues that, at present, Hyponix is not a prevailing party. Dkt. 62 at 16-17. Thus, if dismissal with prejudice is an appropriate sanction, the Court should find this case exceptional and award prevailing party Hyponix its attorney fees.

### C. Plaintiff Fails to Specifically Discount its Repeated Instances of Litigation Misconduct and Bad Faith Intent.

Plaintiff's Opposition completely ignores Hyponix's nearly eight pages detailing, in length, the numerous instances of litigation misconduct, *see* Dkt. 50 at 7-14, which forms the basis for sanctions pursuant to § 1927 and the Court's inherent authority (and exceptional case under § 285).

---

[5] Hyponix submits herewith a Supplemental Declaration of Robert Isackson, updating the amount of attorney fees expended for the fee award request, now totaling $72,453 in attorney fees that should be awarded to Hyponix.

5

*Id.* at 21.  Nor does Plaintiff respond to Hyponix's arguments that Plaintiff lacked a colorable basis of infringement by Hyponix, committed extensive litigation misconduct, and brought this case in bad faith, preemptively dismissing Hyponix and others to avoid addressing the merits of infringement, and to remedy the harm caused by the wrongful enjoinment and Amazon takedown, and fees incurred by Hyponix in defending itself against baseless claims brought by Plaintiff for an improper purpose.  *Id.* at 19-22.  Rather than address or dispute the particulars, Plaintiff recites legal standards without any application to the facts at issue here, and offers conclusory statements that Hyponix does not detail "any reference to delays, misunderstandings, poor judgments, or overly zealous actions" or "frivolousness, harassment, or excessive costs." *Id.* at 21.

Curiously, Plaintiff now claims it had a colorable basis to bring infringement claims against Hyponix under the doctrine of equivalents.  Dkt. 62 at 21-23.  Yet, despite having possession of Court Exhibit 1, the accused product it refused to buy pre-suit, Plaintiff provides no claim element-by-element analysis, confirming a lack of a colorable claim for infringement.  Likewise, the oblique reference to a photo and unexplained "similarities" fail to support a colorable claim of infringement under the doctrine of equivalents.  *See* Tr. 21:11-19, 28:7-31:15.  Contextually, before the April 17th hearing, "Plaintiff [had] not made any arguments regarding the doctrine of equivalents."  Tr. 59:2-3.  What Plaintiff's post hoc equivalents discussion establishes is only the deficiency of Plaintiff's pre-suit investigation and lack of a colorable basis in filing this case.  *See* Tr. 29:18-30:1 (explaining pre-suit diligence would have revealed "substantial differences between the rectangular-shaped buckle, one integral piece required by the claims, and what Hyponix is selling" a "two-piece carabiner and M-shaped bracket system [which] have a different function").

Plaintiff's arguments as to why this litigation was not initiated in bad faith fail.  First, that Plaintiff has a presumptively valid registered patent does not necessitate that any and all

subsequent litigation of that patent is legitimate. Dkt. 62 at 24. Indeed, Plaintiff's only claim is for infringement, making validity irrelevant to institution. Dkt. 8 at 7. And as to infringement, Hyponix explained in its opening papers that Plaintiff failed to conduct a reasonable pre-suit investigation into whether it had plausible infringement claims against Hyponix. *See* Dkt. 50 at 8-9. Second, Plaintiff's entitlement to amendment as of right also is unavailing because that right expired a day after the Court's April 17th hearing where *Hyponix's counsel*, not Plaintiff's counsel, first raised the issue of no infringement under the doctrine of equivalents. *See* Tr. 59:2-3. Importantly, this occurred after Plaintiff dismissed Hyponix, and Plaintiff did not belatedly seize this opportunity to file an amendment as of right pursuant to Rule 15 that asserted the doctrine of equivalents. *See* Dkt. 8. Worse, Plaintiff's amended complaint specifically did not raise the doctrine of equivalents. *Id.* Any further amendment would therefore be within the Court's discretion and, thus, not guaranteed. Hence, Plaintiff's amendment (Dkt. 8) without adding a doctrine of equivalents claim and its subsequent failure to amend to include a doctrine of equivalents claim is even more indicative of bad faith in instituting suit against Hyponix.

Third, Plaintiff mischaracterizes Hyponix's arguments regarding Plaintiff's Schedule A complaint. Dkt. 62 at 24. That such a case might properly be brought against numerous defendants (where patent venue and misjoinder requirements are vetted and satisfied) does not excuse Plaintiff from the obligation to bring only plausible claims against all 163 defendants, including Hyponix, in good faith. Given the timing in which Plaintiff moved for the TRO and began dismissing defendants without prejudice, and later with prejudice, the inference drawn is that this litigation was for the improper purpose of shutting down Plaintiff's competitors during peak sales season and seeking extortionate settlements. *See* Dkt. 50 at 11, n.6.

Fourth, as discussed *supra* at 3, Plaintiff's new argument based on ***post-dismissal*** diligence, whether Hyponix operates as a shell or was required to post its Canadian address "in the front store of Amazon," Dkt. 62 at 24 – an address the Court was easily able to find, Tr. 63:14-18 – only highlights the deficiency of Plaintiff's ***pre-filing investigation*** that just assumed Hyponix was another opaque Chinese company. Plaintiff cannot abandon or shift its duty to investigate simply because it may not be easy to conduct the investigation required. Plaintiff's effort to manufacture entity confusion does not absolve Plaintiff of its bad-faith initiation of this suit against Hyponix.

Fifth, regarding sealed documents, Plaintiff only asserts that the complaint was not sealed with information regarding Hyponix. *Id.* at 25. This statement ignores the fact that Plaintiff refused to serve sealed documents, including the TRO, to Hyponix after Hyponix's Amazon account was frozen and it appeared in this action. *See* Dkt. 50 at 12-13. Plaintiff's only defense is that Hyponix did not request the sealed documents. Although Hyponix was not required to request these documents, in fact it did, but Plaintiff only provided Exhibit D063. *See* Dkt. 18-1.

Lastly, Plaintiff's reliance on Fifth Amendment rights regarding self-incrimination is of no relevance or consequence here. Dkt. 62 at 26. What is relevant is that Plaintiff does not rebut or disprove Hyponix's detailed recitation of evidence of Plaintiff's misconduct. *See* Dkt. 50 at 7-14.

**D.    The Court Has the Authority to Increase the Bond**

Plaintiff denies that the Court has authority to increase Plaintiff's security but offers no legal citation to support its conclusion. It also ignores Hyponix's legal citations that the Court has remedial authority. The Court should follow the law and increase Plaintiff's security as needed.

Plaintiff also contends that the TRO only restricted sales for one of Hyponix's product listings. Dkt. 62 at 31. Plaintiff's alternate ASIN argument is nonsensical as well as factually unsupported. It amounts to positing that a car dealership wrongfully prohibited from selling

8

Cadillac cars in Detroit is not damaged because it can still sell Chevrolet cars in Chicago. There is still lost volume and harm to the dealership in Detroit.

Lastly, Hyponix notes that Plaintiff's argument that April is not peak sales season is flawed. Dkt. 62 at 32. Plaintiff's "authority," a New York Times article, "When Is The Best Time To Buy Home Exercise Equipment?," refers to when the best *discounts* are available, not when peak unit sales occur. *Id.* (citing Ex. J). Regardless, the article supports that the spring season is a good time to purchase outdoor products. *Id.* ("March, new season of discounts" and "May, mega sales").

### E.   The Principles of Estoppel and Waiver are Inapplicable

Plaintiff's equitable arguments regarding estoppel and waiver fail as based on a misrepresentation of the facts and on the merits. First, there was no detrimental reliance by Plaintiff. Plaintiff admits it did not dismiss Hyponix because it had sued it by mistake, which was the condition underlying Hyponix's April 13th letter. Dkt. 15-2 at 4. Second, assuming arguendo the April 13th letter set forth an offer, the key condition was not met, so the offer could not have been accepted, and circumstances changed on April 14th that would have revoked any offer set forth in the April 13th offer before Plaintiff could accept it. To meet Hyponix's terms, Hyponix's product had to be reinstated on Amazon by 5:00 PM on Friday, April 14, 2023. *Id.* If so, Hyponix would assume Plaintiff made a mistake, otherwise reserving its rights. That condition was never met. Rather, mischaracterizing what the parties discussed, Plaintiff merely *instructed* Amazon to reinstate Hyponix's product on April 14th, not actually *reinstating* the product by the deadline. Hyponix's products were not reinstated until two days later. Dkt. 28 ¶ 14. Hence, there was no offer and acceptance and no detrimental reliance.

More fundamentally, Plaintiff comes with unclean hands that bars its desired equitable relief. Plaintiff, again, attempts to evade any responsibility for improperly and wrongfully enjoining Hyponix by asserting that Hyponix ran afoul of some sort of conditional offer that was

9

not accepted before being withdrawn. Equity will recognize that Plaintiff brought an ill-considered, haphazard Schedule A lawsuit in an attempt to extort settlements. Plaintiff coupled its voluntary dismissal with overt threats of resuming the litigation and sought to preserve its rights by making that dismissal without prejudice, so there was no detrimental reliance on Hyponix's offer based on a mistake. Equity also will consider that Plaintiff's detrimental reliance argument is not made in good faith given the fact that Plaintiff dismissed 18 defendants without prejudice and 8 defendants with prejudice. *See* Dkts. 16, 32-33, 35-44, 46.

### F. Hyponix Was Wrongfully Enjoined

Plaintiff's Opposition ignores that the Court received evidence and made findings *on the record*. And there is no reading between the lines in Plaintiff's Opposition – Plaintiff will sue Hyponix again, at least for infringement under the doctrine of equivalents. Dkt. 62 at 29. Plaintiff lacked initial diligence in asserting its infringement claim, did not mention the doctrine of equivalents, missed the deadline to amend its complaint to assert infringement under the doctrine of equivalents, received unfavorable findings by the Court regarding its diligence and infringement claims, and, as a result, decided to swiftly dismiss Hyponix to avoid the merits, all while preparing another infringement action. Hyponix urges the Court to sanction and stop Plaintiff in its tracks and to send a message to Plaintiff, and those like it, that they cannot heedlessly use the Court and its resources as a mere tool in its scheme to extort expeditious settlements from competitors facing the threat of mass Amazon takedowns costing defendants significant economic and irreparable harm.

### III. CONCLUSION

For the reasons set forth in Hyponix's Memorandum of Law and this Reply, the Court should grant Hyponix's Motion for Bond Damages, Sanctions and Attorney Fees.

Dated: May 22, 2023

                                                    _____
Robert M. Isackson (RI 4303)
LEASON ELLIS LLP
One Barker Avenue
White Plains, NY 10601
T.914.821.9077
F.914.288.0023
isackson@leasonellis.com
lelitdocketing@leasonellis.com

*Attorneys for Defendant Hyponix Brands, Ltd.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 22, 2023, he following documents were served on all parties who have appeared in this case via the Court's CM/ECF system:

1. Hyponix Brands Ltd.'S Reply In Support Of Motion For Bond Damages, Sanctions, And Attorney Fees.

2. Supplemental Declaration of Robert M. Isackson and Exhibits 3 – 4.

_____
Robert M. Isackson