

One Barker Avenue
White Plains, New York 10601
**T**    914.821.1686
isackson@leasonellis.com

———————————————

**Robert M. Isackson**
PARTNER

May 3, 2023

<u>VIA ECF</u>

Honorable Jennifer L. Rochon, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Courtroom 20B
New York, New York 10007

       *Re:  Jiangsu Huari Webbing Leather Co., Ltd. v. Joes Identified in Schedule A,* No. 1:23-cv-02605-JLR

Dear Judge Rochon,

       On May 1, 2023, former defendant Hyponix Brands Ltd. ("Hyponix") filed a Motion for Bond Damages, Sanctions, Costs, and Attorney Fees.  In support of this Motion, Hyponix filed the Supplemental Declaration of Gevin A. Rai.  *See* Dkt. 53.  Contemporaneously herewith, Hyponix submits under seal the supplement declaration of Mr. Rai.

       Hyponix respectfully requests that the supplemental declaration remains under seal, to protect sensitive proprietary information related to the total enterprise value of Hyponix.  While the supplemental declaration constitutes a "judicial document" to which the presumption of public access applies, the presumption can be outweighed by competing considerations, such as protecting a business's proprietary information.  Courts will commonly grant a request to seal documents containing "proprietary business information, such as internal analyses, business strategies or customer negotiations" because disclosure of that information could "provide competitors with an unearned advantage." *SEC v. Telegram Grp., Inc.*, Civ. No. 19-9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).  The information sought to remain under seal relates to negotiations between Hyponix and a third party and a related valuation of Hyponix.  As such, Hyponix requests that the Court permit ¶¶ 10-11 and a small portion of Exhibit A to the supplemental declaration be sealed.

       The redactions, which consist of two sentences in the supplemental declaration and two "cells" of information in Exhibit A to the supplemental declaration are narrowly tailored to protect sensitive proprietary information, while ensuring transparency in presenting Hyponix's lost sales damages and related calculation, which remain unredacted.  *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

       Pursuant to Rule 6.5 of the Southern District of New York Electronic Case Filing Rules and Instructions, the supplemental declaration of Mr. Rai to be filed under seal will be viewable by counsel for all parties to the case, the Court, and Court personnel.

# LEASON ELLIS

Honorable Jennifer L. Rochon, U.S.D.J.
May 3, 2023
Page 2

      Regretfully, Hyponix did not have the opportunity to meet and confer before filing this request but intends to seek Plaintiff's consent and will file a supplemental letter with the Court informing it of Plaintiff's objection or lack or objection to Hyponix's sealing request.

Respectfully submitted,

Robert M. Isackson

cc:    Counsel of Record via ECF

Defendant Hyponix's unopposed sealing application is GRANTED for substantially the reasons stated in the application and because the minor redactions are insignificant. *See Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). The Court notes that Defendant has filed unredacted copies of the documents via ECF, restricted to Selected Parties, and orders those documents to retain their restricted Viewing Level. *See* ECF No. 59.

Dated: January 2, 2024
      New York, New York

SO ORDERED.

JENNIFER L. ROCHON
**United States District Judge**