

One Barker Avenue
White Plains, New York 10601
**T**   914.821.1686
isackson@leasonellis.com

**Robert M. Isackson**
PARTNER

May 23, 2023

**VIA ECF**

Honorable Jennifer L. Rochon, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Courtroom 20B
New York, New York 10007

>           **Re:  *Jiangsu Huari Webbing Leather Co., Ltd. v. Joes Identified in Schedule A,* No. 1:23-cv-02605-JLR**

Dear Judge Rochon,

        We represent Defendant NinjaSafe LLC ("NinjaSafe") in the above-referenced matter. Today, May 23, 2023, NinjaSafe is filing a Reply in Support of its Motion for Bond Damages, Sanctions, Costs, and Attorney Fees (the "Reply"), which includes the Supplemental Declaration of Nir Weiner, dated May 23, 2023.  Contemporaneously herewith, NinjaSafe submits under seal Exhibit 1 and Exhibit 2 to the Supplemental Declaration of Mr. Weiner.

        NinjaSafe respectfully requests that Exhibit 1 and Exhibit 2 to the supplemental declaration remain under seal, to protect sensitive information related to the settlement communications between the Plaintiff's counsel and the undersigned.  This request is made in an abundance of caution, and in deference to Plaintiff, who likely considers the information contained in Exhibit 1 and Exhibit 2 to be confidential.

        While the supplemental declaration constitutes a "judicial document" to which the presumption of public access applies, the presumption can be outweighed by competing considerations, such as protecting a business's proprietary information.  Courts will commonly grant a request to seal documents containing "proprietary business information, such as internal analyses, business strategies or customer negotiations" because disclosure of that information could "provide competitors with an unearned advantage*." SEC v. Telegram Grp., Inc.*, Civ. No. 19-9439, 2020 WL 3264264, at \*3 (S.D.N.Y. June 17, 2020).  The information sought to remain under seal relates to negotiations between NinjaSafe and Plaintiff likely considered confidential by the Plaintiff.  As such, NinjaSafe requests that the Court permit Exhibit 1 and Exhibit 2 to the supplemental declaration be sealed in their entirety.

        The redaction of Exhibit 1 and Exhibit 2 to the supplemental declaration is narrowly tailored to protect sensitive proprietary information, while ensuring transparency.  *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

# LEASON ELLIS

**Honorable Jennifer L. Rochon, U.S.D.J.**
May 23, 2023
Page 2

Pursuant to Rule 6.5 of the Southern District of New York Electronic Case Filing Rules and Instructions, Exhibit 1 and Exhibit 2 to the supplemental declaration of Mr. Weiner to be filed under seal will be viewable by counsel for all parties to the case, the Court, and Court personnel.

Regretfully, NinjaSafe did not have the opportunity to meet and confer before filing this request but intends to seek Plaintiff's consent and will file a supplemental letter with the Court informing it of Plaintiff's objection or lack or objection to NinjaSafe's sealing request.

Respectfully submitted,

Robert M. Isackson

cc:     Counsel of Record via ECF

Defendant NinjaSafe's unopposed sealing application is GRANTED for substantially the reasons stated in the application and because the minor redactions are insignificant. *See Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). The Court notes that Defendant has filed unredacted copies of the documents via ECF, restricted to Selected Parties, and orders those documents to retain their restricted Viewing Level. *See* ECF No. 73.

Dated: January 2, 2024
       New York, New York

**SO ORDERED.**

**JENNIFER L. ROCHON**
**United States District Judge**